HENDERSON *v.* BLISS and Others.

By the statute of 1852, every creditor of an attachment-defendant has a right to file his claim under the original attachment at any time while the same is pending, and have it adjusted by the Court; and all such creditors have a right to share, *pro rata* in distribution; and distribution must, of necessity, be postponed till all the claims are adjusted.

Suit commenced by attachment, under which claims other than that sued upon were filed. Judgment at the regular term in favor of the plaintiff's claim. Cause as to garnishee, continued to a special term, without entry of continuance as to the unadjusted claims. At the special term, the claimants offered to make proof of their claims, and prayed judgment and a *pro rata* distribution.

*Held*, that the Court was bound to adjust all claims filed under the origi-   Nov. Term.
nal suit, at the special term, or postpone the distribution asked on the      1856.
original claim till another term, when they might be adjusted.

*Held*, also, that judgments rendered upon such claims at the special term,   HENDERSON
are not nullities, and cannot be collaterally impeached.                         v.
                                                                              BLISS.
An assignment in favor of creditors must embrace all the debtor's pro-
perty: if made by partners it must embrace the separate property of
each, as well as the joint property of all the partners: and it must fix
a reasonable time within which the terms of ᵗthe assignment may be
accepted.

*Semble*, that an assignment in insolvency requiring a release of further
. liability as a condition to participation in the benefit of the assign-
ment, will be held fraudulent in law. .


APPEAL from the *Marion* Court of Common Pleas.

PERKINS, J.—Suit, commenced by attachment by *Bliss*   *Wednesday,*
*et al.* against *Porter*, at the *October* term, 1854, of the *Ma-*   *November* 26
*rion* Circuit Court, on partnership debts of *Porter* and
*Lawrence*.   At the *April* term, 1855, other creditors filed
claims, and *Bliss et al.* obtained judgment against *Porter*
on theirs.   At this same term, *Henderson*, who had been
summoned as a garnishee, answered; his answer was de-
murred to, and the cause was continued to a special term
appointed to be held on the 4th *Monday* in *August* fol-
lowing.

At that term the cause was tried against *Henderson*,
the garnishee; and it was found that he had in his hands
between 4,000 and 5,000 dollars belonging to the de-
fendant.   At the same term, the other creditors who had
filed claims under the attachment, offered to make the
necessary proofs, and asked, upon doing so, for judg-
ments on their claims, and for a *pro rata* distribution of
the funds in the hands of the garnishee among the judg-
ments; but the counsel for *Bliss et al.* objected because
the claims of said creditors had not been formally en-
tered as continued to the special term.   The Court, how-
ever, overruled the objection, permitted the proof to be
made, and ordered the distribution as asked.   Exception
was taken; and the first point to be considered is pre-
sented.   Did the continuance of the principal suit carry
with it the claims filed under it; and if not, can the party

now complaining take advantage of it? Our statute upon attachment suits provides, (2 R. S. s. 186, p. 70,) that "any creditor, &c., upon filing, &c., at any time before the final adjustment of the suit, may become a party to the action," and may, &c., "in like manner as the creditor who is plaintiff."

And section 192, p. 71, enacts that, "The money realized from the attachment and the garnishees shall, under the direction of the court, after paying all costs and expenses, be paid to the several .creditors, in proportion to the amount of their several claims as adjusted, &c."

The original attachment suit, with the claims subsequently filed under it, constitute, for some purposes, but one suit. *Olney* v. *Shepherd*, 8 Blackf. 146. And see *Elderkin* v. *Fitch*, 2 Ind. R. 90. For some purposes they constitute separate suits. 1 Ind. R. 296. But, however regarded as to this point, it is clear, by the statute above quoted, that,

1. Every creditor of the attachment-defendant has a right to file his claim, under the original attachment, at any time while the same is pending, and have the claim adjusted by the court;

2. That such creditors have a right to share, *pro rata*, upon their claims in distribution; and,

3. That the distribution must, of necessity, be postponed till all the claims are adjusted.

It follows that, in this case, the Court was bound to adjust the claims filed at the term they were adjusted, or to postpone the distribution asked upon the original claim till a subsequent term, when such claims might be adjusted.

The error in the case, then, so far as the party complaining on this point is concerned, if error there be, is a distribution earlier than should have been. But the complaining party asked for that distribution: he would not assign it for error, in point of time, if he could, and could not if he would.

The judgments upon the claims are not nullities—cannot be impeached collaterally.

But the main question in the cause relates to the validity of an assignment for the benefit of creditors. *Henderson*, the garnishee above mentioned, in his answer admitted that he had in his hands the sum heretofore mentioned, but averred that he held it as a trustee for the benefit of the creditors of *Porter* and *Lawrence*, by virtue of an assignment made by the latter, containing, among others, the following clause:

"But it is hereby expressly próvided, that all such of our creditors as do not, within a reasonable time herefrom, acquiesce and come in under this assignment, or as shall refuse to release to us whatever residue of their debts, respectively, remains unpaid, on receiving the share and dividend falling to them under this arrangement, shall take no benefit from the provisions of this assignment, &c., till those releasing are paid, and also the claim of one *Amos Lawrence*, for a fraction less than 800 dollars, whether he releases or not."

It appears that *Porter* and *Lawrence* are insolvent—the property assigned not exceeding in value one-third of the debts and costs.

It is contended that the assignment is void in law, upon its face, on account of its requiring a release, and, also, in failing to fix a time for the acceptance of the terms of the assignment. The Court below so decided.

We have looked into the authorities upon these questions. We are not going to review them. Upon the right of a debtor to require a release of further liability as a condition to a participation in the benefit of an assignment for the benefit of creditors, the courts of different states have come to different conclusions—some holding such a condition fraudulent, *per se*,—others the contrary. The question is, here, which line of decision shall we follow? We incline to hold such an assignment fraudulent in law. It not merely delays the creditors,—it does more. It absolutely annihilates a part of their claims. It creates, if held valid, a bankrupt law. And yet it is the doctrine of this Court that, as between individuals, the payment of part of a debt

is no consideration for a release of the whole. How, then, can it be under an assignment? *Fitzgerald* v. *Smith*, 1 Ind. R. 314. However, waiving this point, there is another which seems to be conclusive. Those authorities which sustain the right of a debtor to require a release, hold that the assignment must fix the time within which it must be executed, and that that time must be a reasonable one, or the assignment will be regarded fraudulent. 2 Kent, 553. They also hold that the assignment must embrace all of the debtor's property; and, if by partners, that it must embrace the separate property of each, as well as the joint property of all the partners. *Thomas* v. *Jenks*, 5 Rawle, 221. The assignment in this case does not come within these principles (1).

For a general summary of the law upon voluntary assignments, see 1 Am. Lead. Cases, 86; Burrill on Assignments, *passim.*

*Per Curiam.*—The judgment is affirmed with costs.

*H. C. Newcomb* and *J. S. Harvey*, for the appellant.

*J. L. Ketcham*, for the appellee.

(1) But if the assignment had been held valid, the assignee could not have been garnished. *Oliver* v. *Smith*, 5 Mass. 183.—*Farmers' Bank* v. *Beaston*, 7 Gill and Johns. 421.—*Colby* v. *Coates*, 6 Cush. (Mass.) 558. In the last mentioned case *Jones* v. *Gorham*, 2 Mass. 375, and *Decoster* v. *Livermore*, 4 *id.* 101, were overruled.