## T. MAYER ET AL. *v.* R. SHIELDS ET AL.

1. ASSIGNMENT FOR CREDITORS.   *Release of debts.*
    Whether an assignment which exacts from creditors releases in full as
    a condition of receiving dividends is valid, *quære;* but one which fixes
    no time within which they must make their election is void.

2. SAME.   *Reasonable time.*
    The time must not be so short as to deprive creditors of opportunity to
    investigate and decide, or so long as to cause unreasonable delay in
    applying the property to debts.

APPEAL from the Circuit Court of Rankin County.

Hon. A. G. MAYERS, Judge.

The appellees assigned their stock of merchandise to a trustee to sell, and, after paying the expenses of executing the trust, to distribute the proceeds *pro rata* among all their creditors, who should agree to receive the same in full discharge of their claims, and the balance ratably among the others.   The appellants attached the goods, which were claimed by the trustee, and, on the appellees' plea in abatement, there was a verdict that the attachment was wrongfully issued.

*Buck & Clark*, for the appellants.

Assignments exacting releases delay and to some extent defeat creditors who stand on their legal rights, reserve a benefit to the debtor in the protection of his future earnings, and, if sustained, enable him to enact his own bankrupt law, without fixing a uniform limit of benefit to himself.   Reason and the weight of authority are against such assignments.   Bump Fraud. Con. 433; Burrill on Assignments, §§ 184, 194.   In some cases where they are sustained because of precedents, it is with doubt and protest.   *Brashear* v. *West*, 7 Peters, 608; *Halsey* v. *Fairbanks*, 4 Mason, 206; *Ingraham* v. *Grigg*, 13 S. & M. 22.   Creditors are not on equal terms with a debtor, who first places his property beyond their reach and then proposes a compromise.   *Grover* v. *Wakeman*, 11 Wend. 187; *Armstrong* v. *Byrne*, 1 Edw. Ch. 79. This is not a stipulation for release conditioned upon a preference, but a general assignment by the terms whereof refusal of the creditors to accept will defeat the trust and cause the prop-

erty to revert to the grantors. Burrill on Assignments, § 195. Refusal of the court to instruct that this instrument was fraudulent on its face must cause a reversal. *Harman* v. *Hoskins*, 56 Miss. 142.

*M. Green*, on the same side.

The stipulation that those who execute releases shall have the assets *pro rata* makes the assignment void. Bump Fraud. Con. 421 ; 2 Perry on Trusts, § 592. Some courts hold such a deed not void *per se*. Should the court adopt the latter rule, this clause is fraudulent because no time is specified within which the releases must be given. *Henderson* v. *Bliss*, 8 Ind. 100 ; *Pearpoint* v. *Graham*, 4 Wash. C. C. 232. Thus on either doctrine the deed is void.

*Buchanan & Miller*, on the same side.

Debtors cannot place their property beyond their creditors' reach, and then withhold it from them until they give up part of their claims. The principal object of this assignment is not to pay debts, but to defeat them in part ; it is to benefit the debtors, and shield their future acquisitions. *Thomas* v. *Jenks*, 5 Rawle, 221 ; *Hennessy* v. *Western Bank*, 6 W. & S. 300 ; *Henderson* v. *Bliss*, 8 Ind. 100 ; *Gordon* v. *Cannon*, 18 Gratt. 387 ; 2 Kent Com. 535 ; Bump Fraud Con. 421, 427. No time is fixed for closing the trust, and it might last forever waiting for creditors to make their choice. The deed does not even fix a reasonable time, and its necessary consequence therefore is delay, which renders it fraudulent. Burrill on Assignments, § 197 ; 2 Kent Com. 533 ; Bump Fraud. Con. 433.

*Patrick Henry*, on the same side.

The law will not permit a debtor to enact his own bankruptcy statute and secure a final discharge from his debts by surrendering his property. He cannot place his property in the hands of an assignee, and delay his creditors in order to force the surrender of their claims for the protection of himself. Bump Fraud. Con. 422. When such assignments have been sustained it was with dissatisfaction. *Brashear* v. *West*, 7 Peters, 608 ; Bump Fraud. Con. 427. They have never been sustained unless they provided a reasonable time within which the releases should be executed. Creditors must have time enough to investigate and decide, but not longer than is neces-

sary, and a deed which, like this, fixes no time, is fraudulent in law. *Henderson* v. *Downing*, 24 Miss. 106 ; *Henderson* v. *Bliss*, 8 Ind. 100 ; Bump Fraud. Con. 433.

*Lowry & McLaurin*, for the appellees.

All the debtors' property, except their exemption, is by this assignment devoted absolutely to their creditors, so that none of it can revert to the grantors. In such a conveyance the exaction of releases is admissible. Burrill on Assignments, §§ 178, 197, 254. Dominion over the property was resigned, and all creditors provided for alike. *Shackelford* v. *Bank of Mobile*, 22 Ala. 238. Any inaptness in the language used could therefore be easily remedied. Burrill on Assignments, §§ 262, 351. No benefit can in any contingency result to the grantors, and the assignment which, if properly construed and executed, will apply the property to the debts in a reasonable time, is not fraudulent.

*J. L. McCaskill*, on the same side.

The assignment was valid. It provides for an equal distribution, which is just, and conveys all the property except the exemption, which is honest. No reservation or fraud is apparent. Releases are not exacted, but creditors who do not wish to be paid first out of this fund reserve their rights. Debtors may prefer any class of creditors, as, in this instance, the class who sign releases. A reasonable time will be allowed creditors to elect, where none is expressed. Delay cannot result, for after the creditors are notified their silence for a reasonable time is a refusal to come into the division. Refusal to accept the terms will result under this deed, in a general *pro rata* division among all the creditors, and in no event can any of the property revert to the grantors. Burrill on Assignments, § 195.

CHALMERS, C. J., delivered the opinion of the court.

The deed of assignment in this case exacts from the creditors a release in full of their demands, as a condition of receiving any dividend under it. There are some States which sustain assignments of this character, while others denounce them as fraudulent and void on their face. The authorities are conflicting, and perhaps quite equally divided. Bump Fraud. Con. (2d ed.) 421–435 ; Burrill on Assignments (3d ed.), §§ 182–198. If we concede that such a stipulation is admissible by one who in

professing to transfer his property to his creditors puts it temporarily beyond their reach by the ordinary process of law, the assignment in the present case cannot even then be sustained. It violates one of the essential requirements of such instruments according to the views of those courts which admit the validity of stipulations for releases. It specifies no time within which the several creditors must signify their assent to or dissent from the proposition to surrender their debts ; and yet it provides for a *pro rata* distribution of the assets among such as shall accept it. The consequence is, that the assignee can never know when to begin to make distribution. He can never determine what any creditor's share is to be, until he knows what creditors are coming in, and as the period within which they may do this is unlimited, so also must be the delay in the collection of any and all the debts. In States which permit the insertion of provisions like this, it is held that there must be a reasonable time limited within which creditors must make their election and signify their acceptance or rejection of the proposition. What is a reasonable time will depend upon the circumstances of each case. It must not be so short as to deprive creditors of fair opportunity to investigate and determine the question, nor yet so long as to produce unreasonable delay in the application of the property to the liquidation of the debts. But if no time whatever is specified the deed necessarily and inevitably works a fraud on creditors. None of them can receive anything until all have made up their minds, and as no time is fixed within which they must do this the trust can never be wound up, save by the interposition of a court of equity. No court will permit a man to place his property even temporarily beyond the reach of legal process, burdened and incumbered by such conditions as this. The deed with such stipulations necessarily causes not only that ordinary delay unavoidable in all assignments, and which is therefore tolerated by the law, but a delay which cannot be ended by any provision contained in the instrument itself. This thwarts and defeats the objects which it professes to have in view. It is on this account void on its face, and should have been so declared by the court.

As it was not necessary to a decision of this case that we

should decide whether stipulations in a deed of assignment exacting releases of their demands in full from all creditors as a condition of sharing in its benefits are admissible under any circumstances, we express no opinion on that subject.   The court below should have instructed the jury that the assignment here was void on its face, and should have directed them to return a verdict for the plaintiffs in attachment.

*Reversed and remanded.*

———◆———

59 1̄1̄1̄
72 712

