## BICKHAM et al. v. LAKE et al.[1]

*(District Court, N. D. Mississippi. December Term, 1883.)*

**1. ASSIGNMENT FOR BENEFIT OF CREDITORS—VALIDITY—PROVISION FOR ATTORNEYS' FEES.**

An assignment in Mississippi for the benefit of creditors empowered the assignee, "for the proper execution of the trust," to employ competent attorneys "to defend and protect the trust created herein, and this assignment, if the same be assailed." The rule announced by the state supreme court (*Mattison* v. *Judd*, 59 Miss. 99) is that such a provision avoids the assignment if intended to provide payment for services to be rendered after the conveyance is executed and recorded, and for which the grantors are liable; but that it does not avoid the deed, if it is only intended to apply to services rendered to the assignee in defending the assignment if attacked. *Held* that, on an issue as to the validity of an attachment issued on the ground that the assignment was fraudulent in law, the court could not declare that the above provision rendered the assignment void, and the question as to the purpose of the assignor was for the jury.

**2. SAME—TIME OF FILING CLAIMS.**

An assignment for the benefit of creditors, after directing that creditors named in a certain schedule should be preferred in their order, further directed that all the creditors named in a certain other schedule should be paid ratably, and that, if the names of any creditors had been omitted from the latter schedule, such accidental omission should not debar them from sharing in the distribution, but that such creditors, if their claims were unsecured by collaterals, or otherwise, should be entitled to share in the distribution "upon proper presentation of their accounts." *Held*, that the failure to fix any definite time within which such omitted creditors must file their claims rendered the assignment void.

**3. SAME—EXCLUSION OF SECURED CREDITORS.**

The fact that omitted creditors, whose debts were secured by collaterals or otherwise, were excluded from the benefit of the assignment, was also fatal to its validity; for, in a general assignment, creditors holding security cannot be entirely shut out, but a reasonable time must be fixed within which they may come forward and account for their securities and present the balance of their claims, or surrender the securities and share in any surplus fund which may remain.

**4. ATTACHMENT—FRAUDULENT ASSIGNMENT—FICTITIOUS DEBTS.**

In Mississippi a general assignment for the benefit of creditors, which provides for the payment of fictitious or simulated debts, is fraudulent and void; and on an issue as to the validity of an attachment sought to be sustained on the ground that the debtor has made a fraudulent assignment, the question as to whether any of the debts provided for are simulated is for the jury to determine.

**5. SAME—KNOWLEDGE OF GRANTOR.**

When an assignment provides for the payment of a simulated debt, the presumption is that the grantor knew it, if the debt was created by him; but the presumption is rebuttable, and, on an issue as to the validity of an attachment sought to be sustained on the ground that the debtor has made a fraudulent assignment, it is a question for the jury whether the grantor knew, or had reasonable cause to know, that the debt was fictitious.

**6. SAME—PROVINCE OF COURT AND JURY.**

Where an attachment is sought to be sustained on the ground that the debtor has made an assignment which is fraudulent in law, the fact that the assignment is, on its face, constructively fraudulent and void, will not warrant the court in directing a verdict for the attaching creditor, when it appears that the attachment was in fact issued before the making of the assignment; for, to sustain the attachment, it is necessary for the jury to find that, at the time the attachment was issued, defendant contemplated making the assignment.

At Law. Action by Bickham & Moore against Lake & Austin, in which an attachment was levied upon defendants' property. Among the grounds of attachment alleged in the affidavit was the following: "That they [defendants] have assigned or disposed of, or are about to

---

[1] This case, cited in Estes v. Spain, 19 Fed. Rep. 716, is now published by request, the opinion not having been heretofore received for publication.

assign or dispose of, their property or rights in action, or some part thereof, with intent to defraud their creditors." Defendants did in fact make an assignment of their property shortly after the issuance of the attachment. The deed of assignment was read to the jury, and the question now arises on plaintiffs' motion to instruct the jury that the same is fraudulent in law, and, on the proofs, also fraudulent in fact. Denied.

*Sullivan & Sullivan,* for plaintiffs.

*Slack & Longstreet* and *Lamar, Mayes & Branham,* for defendants.

HILL, District Judge. The questions now presented for decision arise upon plaintiffs' motion asking the court to instruct the jury that the deed of assignment read to the jury is fraudulent in law, and, from the proof, fraudulent in fact:

For the reason that the assignment contains the following provision:

"For the proper execution of this trust, said second party may also employ and retain competent attorneys to defend and protect the trust created herein, and this assignment, if the same be assailed, and pay them a just and reasonable compensation for their services."

This provision, it is insisted, renders the assignment on its face void and fraudulent, and will of itself sustain the attachment. Without stating what construction I might place upon the effect of this clause in the assignment, had there been no ruling upon the question by the supreme court of the state, I will conform my ruling to that of the supreme court of the state, which had been rendered prior to the execution of this assignment, and upon which the defendants, or their attorney who drew the conveyance, had a right to rely. The ruling of that court will be found in the case of *Mattison* v. *Judd,* 59 Miss. 99, in which it is held that, if such a provision is intended to provide payment for services to be rendered after the conveyance is executed and placed on record, and for which the grantors are liable, it will render the conveyance fraudulent and void; but if it is intended only to apply to services rendered to the assignee in defending the assignment, if attacked, it does not render the conveyance fraudulent and void. Therefore this ground to sustain the motion will be overruled, and the jury will be instructed to consider the evidence in relation to the purpose of executing the deed.

The assignment, after providing for the payment of the costs and expenses incurred in executing the trust, contains the following provisions:

"Said second party shall next, with reasonable diligence, out of and with the residue of said proceeds of said sales and collections, pay off and discharge in full the several debts due from said Lake & Austin, and set forth and described in Schedule C, hereto annexed and made a part hereof. He shall pay off and discharge said debts in full in the order in which said creditors, and the said debts due them, are written and numbered, and according to the priority in said Schedule C given. If the said proceeds of such sales and collections be insufficient to pay off and discharge in full all and singular the said debts in said Schedule C, set forth and described in the order, and according to the priority therein given, then he shall pay off and discharge in full the debt

first therein stated and mentioned, then the second, and so continue, and pay off as many of said debts as said proceeds shall be sufficient so to do."

After the payment in full of the debts due to creditors mentioned in Schedule C, the assignment further provides that the assignee shall, with reasonable diligence, pay over and distribute all the residue of the money in his hands to and among all the other creditors of Lake & Austin, mentioned and described in Schedule A, except that those named in Schedule C (who are also set out in Schedule A) as preferred creditors shall receive nothing further or other than the sums provided in section 4 in the assignment, ratably and in proportion to their respective demands:

"Provided, however, that if the name or names of any creditor or creditors of said firm of Lake & Austin have been omitted from Schedule A, that accidental and unintentional omission of the name of such creditor shall not operate to debar and preclude them from sharing in the distribution now here provided for creditors whose debts are unpreferred in Schedule A, but such omitted creditors, if their claims be unsecured by collaterals or otherwise, are hereby included in Schedule A, and who are not mentioned and described as preferred in Schedule C, hereto annexed, and shall, upon proper presentation of their accounts against said firm of Lake & Austin to said second party as assignee herein, share fairly and ratably in the distribution provided for said creditors whose names and debts are provided in Schedule A, and whose names and debts are not preferred herein."

It is insisted that the assignment is fraudulent and void, for the reason that no time is fixed in which these omitted creditors shall present their claims, and that the assignee may, under the assignment, postpone payment to the unsecured creditors for an indefinite time, and authorities are referred to to sustain this position. The authorities referred to all are in cases in which a release of the balance of the debt is provided for, and in which no time was fixed for presenting the claim with the release, and in which no distribution could be made until it was ascertained who would, or who would not, accept the terms. So far as it relates to the creditors whose names are set out in Schedules A and C, the direction is that the payments be made with reasonable diligence,—that is, as soon as the money shall be realized from the sales and collections,—and that is directed to be done with reasonable dispatch. The difficulty arises with regard to the creditors whose names are omitted, and who are entitled to the distribution provided for among the creditors whose names are set forth in Schedule A. No time is fixed for their presentation, and either the distribution must be postponed until the assignee shall ascertain whether or not all those omitted creditors have presented their claims, or have declined to do so, which is an indefinite time, or, if the distribution is made, those who had not presented their claims will be debarred from receiving anything under the distribution; and, although the cases referred to and relied upon were cases in which a release of the balance of the demand was a condition for payment, the reason of the rule will apply to the defect in the assignment. As held by the supreme court of this state in the case of *Mayer* v. *Shields*, 59 Miss. 107, there should be a time fixed for the

presentation of such debts,—not too short nor too long a time. This is necessary in order that the distribution shall be made within a reasonable time, and for the benefit of the omitted creditors.

There is another vice in the assignment which, though not pressed in argument, is, in my opinion, equally fatal to this assignment, and that is that it excludes from payment creditors who hold collaterals or are not otherwise secured. This is a general assignment, purporting to, and it is admitted, conveying all the assignor's property and assets, and, while the assignor has a right to prefer one creditor over another, he has no right to exclude any from participation in any surplus which may remain. The holding of collaterals, or holding any other security, is not a payment of the debt. The creditor may sue and obtain judgment, and have execution, but, as a matter of course, must account for or return the collaterals or securities. The collaterals may be insufficient, and of but little value, or they may not be due and payable for a considerable time; hence, in a conveyance of this kind, there must be a reasonable time given,—not too long nor too short,—in which the creditor holding the collaterals, or other securities, can come forward and account for his securities, and present his claim for any balance that may remain, or surrender them to the assignee, and share in any surplus fund which may remain. The want of this provision, I am satisfied, renders this assignment fraudulent and void in law.

It is insisted that the proof shows that the secured debts in Schedule C, or some of them, are fictitious and simulated, and therefore the court should instruct the jury to return a verdict in favor of the plaintiffs. Whether any of these debts are fictitious or simulated is a question to be determined by the jury from the evidence. I am satisfied that under our attachment laws, which require the courts to construe them favorably in the promotion of the rights of creditors and for the detection of fraud, when fictitious or simulated debts are secured to be paid in an assignment like the present, it is a fraud upon the right of creditors, and will sustain an attachment. The question as to the rights of creditors whose debts are valid under such an assignment is decided differently in different states. I apprehend that, in those states where this right is maintained in favor of *bona fide* creditors, the assignee is held to be a purchaser for value without notice. The opposite doctrine prevails in this state, and I think it must follow that a general assignment like the present, providing for the payment of fictitious or simulated debts, is fraudulent and void for all purposes. The question is, what are simulated and fictitious debts? To be held such, the debt must be fabricated and trumped up, must have no consideration to support it, must be a pretense, and nothing more. For the assignment to be rendered void on this ground, the conveyance, debt, or assignee debt must have been inserted by the grantor with a knowledge that it was not a real and valid debt, or that he was so careless and negligent in ascertaining whether or not it was a fictitious debt as to estop him from denying his knowledge of its invalidity, and not an honest mistake. When debts are provided in the assignment to be paid which are not valid, and are simulated debts,

the presumption is that the grantor knew it, if it is a debt created by him, and for the reason that a man is presumed to know his own liability, but, like all other presumptions, are subject to be rebutted by evidence, and are not conclusive. The questions as to whether or not these debts as stated, or any of them, are simulated and fictitious, and whether or not the defendants knew, or had reasonable cause to know, their invalidity, are for the jury, so that the motion asked cannot be given on the ground last stated.

Had the assignment been executed before the issuance of the attachment, I would feel it my duty to sustain the motion and give the instructions asked; but it is admitted that the attachment was issued before the assignment was executed. To sustain·the attachment on the ground that the assignment is in law fraudulent, the jury must be satisfied that, at the time the attachment was issued, the defendants, or one of them, must have contemplated making the assignment. This must be determined by the jury from the evidence, and therefore the motion to give to the jury the peremptory charge to return a verdict for the plaintiffs is overruled, but the jury will be instructed as to the rules to be observed in making their verdict.