## COLLIER v. DAVIS.

1. ASSIGNMENTS: *When void as to creditors; Clayton v. Johnson, 36 Ark., 406, overruled.*

An assignment of a debtor for the benefit of creditors which provides that no creditor shall participate in the assets unless he will accept his share in full satisfaction of his claim, and gives no direction for the application of the surplus after satisfying assenting creditors, (which is the same in legal effect as directing such surplus to be returned to himself,) is void upon its face. The case of *Clayton v. Johnson, 36 Ark., 406,* is, on this point, overruled.

2. SAME: *Same.*

Such deed of assignment is also void for not designating a time within which creditors are to accept the provision made for them and surrender their debts.

3. SAME: *To be administered under direction of assenting creditors.*

An assignment which provides that it be administered and closed up under the supervision of the creditors who assent to it is void. The effect of such provision is to give a bare majority of the assenting creditors complete control and power to delay the closing of the trust *ad libitum,* without any redress to creditors who are injured by the delay, for the assignee is executing the trust according to its terms.

4. SAME: *Giving discretionary power to assignee.*

The statute prescribes the duties of an assignee, and an assignment which gives him any discretionary powers, or authorizes him to dispose of the property assigned, or to settle up the estate, in a manner different from that prescribed by the statute, is void.

APPEAL from *Yell* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

*Jacoway & Jacoway* for Appellant.

The deed is a copy of one held good in *Clayton v. Johnson, 36 Ark., 408,* and we rely on that case and the authorities cited there.

*Hall & Carter* for Appellee.

The deed of assignment is void on its face, because, first, it provides that "this assignment shall be settled and closed up under the direction of the creditors assenting to the same." A majority of the assenting creditors can have the assignee to close up the trust against the remonstrance of the minority, if this deed is good. The provisions of the statute of assignments are mandatory. See *Jaffray v. McGehee, 107 U. S., 363; Raleigh v. Griffith, 37 Ark., 150; Dodd v. Martin, 5 McCray, 53*.

Because it provides no time at which the creditors shall assent to or reject its terms. See *Henderson v. Bliss, 8 Ind., 100; Mayer v. Shields, 12 Reporter, 789, (Mississippi case decided Nov. 1881); 2 Kent, top p. 533, 6 ed.; Burrill, pp. 254, 285; Bump., 433; 7 Ohio Rep., 2 pt. 246; Brashear v. West, 7 Peters, 589; Grover v. Wakeman, 11 Wend., 197*.

We refer the court especially to the brief of Judge U. M. Rose, published on *page 53, 5 McCrary*, in the case of *Dodd v. Martin*.

1. ASSIGN-
MENTS: When
void as to credi-
tors.

SMITH, J. McGuire, in 1884, made an assignment for the benefit of his creditors. The deed, after reciting that the maker is indebted in a sum far beyond his ability to pay, conveys to the trustee certain goods, wares and merchandise, which are particularly described in an accompanying schedule, and all the debtor's choses in action. The trustee is empowered to sell the goods, on the best terms he can consistently with the statute, to collect the debts, and apply the proceeds ratably among the creditors. But no creditor is to participate in the distribution of the assets, unless he will accept his share in full satisfaction of his claim. And the assignment is to be settled and closed up under the directions of the creditors who assent to the same.

The assignee filed his inventory and bond in the proper court, took possession, and notified creditors of the date, terms and conditions of the assignment, as well as of assets and liabil-

Collier v. Davis.

ities. A majority in number and value of creditors promptly expressed their acquiescence in the arrangement; but four creditors sued out attachments. Under these writs the sheriff seized the goods. The assignee brought replevin, and on a trial before the court without a jury, the assignment was declared void and the defendant had judgment.

The only evidence introduced, besides the deed and schedule, was an agreed statement of facts. From this it appeared that McGuire was insolvent, at the time of the assignment, and in such confirmed ill health that he had despaired of his life. The assignment included all of his property which was subject to execution. The claims of assenting creditors aggregated $800.87, while those of attaching creditors were $779.19. The assignee had, by consent of all parties in interest sold the goods, and the net proceeds in his hands, after deducting all expenses, were $612.18; for which sum, it was agreed, judgment might be rendered against him and his sureties in the replevin bond, if the court should find that the defendant was entitled to a return of the goods.

As the deed is in all substantial respects, a copy of the one which is set out in *Clayton v. Johnson, 36 Ark., 406*, we are under the necessity of re-examining the grounds of that decision. It is always a misfortune for a court to change front on a question which may affect property rights acquired since the rule was announced. And it is sometimes doubtful whether more mischief will be produced by adhering to an error, or by retracting it. The case has stood for more than five years, although it was never satisfactory to the profession. It is, however, indefensible in principle, and it was decided against the clear weight of authority.

In that case the single objection that was raised below, or considered here, was to the provision that no creditor should participate in the assets unless he would accept his share in full satisfaction of his claim. No directions were given for the dis-

position of any surplus after satisfying the creditors who acceded to these terms. And it was held this did not vitiate the assignment.

It seems to be admitted, in the reasoning of the court, that if the debtors had expressly reserved to themselves the surplus this would have been fraudulent. It is said: "There being no statute in this state prohibiting it, there is nothing in the general statute against fraudulent conveyances which can be construed to prevent a debtor from assigning all of his property, *without reservation or benefit to himself*, to a trustee for the payment of his debts, with a stipulation for a release."

Now, if no disposition of the surplus is made, a trust results to the maker by implication of law. ' And so far as the validity of the instrument is concerned, we can perceive no solid distinction between an express and an implied reservation. In one case, as much as the other, the assignment hinders and delays creditors in their remedies and endangers the ultimate collection of their debts. It puts the property beyond the reach of judgments and executions, into the hands of an assignee, chosen not by themselves, but by the debtor. It is locked up until the trusts of the deed are satisfied, and whatever remains is returned to the debtor in money—a form which is ordinarily intangible and inaccessible. Accordingly, those courts which condemn express reservations of the surplus have uniformly, so far as our researches extend, held that implied reservations are equally as bad. *Dana v. Lull, 17 Vt., 390; Malcolm v. Hodges, 8 Md., 418; Bridges v. Hindes, 16 Id., 104; Whedbee v. Stewart, 40 Id., 414; Atkinson v. Jordan, 5 Ohio, 178; Henderson v. Bliss, 8 Ind., 100.*

In New York, and perhaps in every other jurisdiction where the question has arisen, except in those mentioned in *Clayton v. Johnson*, the invalidity of assignments, stipulating for a release as a condition of receiving any benefit under the assignment, has been established. And it is a remarkable fact that in an opinion prepared by the late Chief Justice, the drift of the

decisions on this subject in several states has been totally mis-apprehended. Having himself a high veneration for precedents, no judge was ever more diligent in searching for them, or more careful in weighing them, or more accurate in stating the result of them.

The Alabama cases do not sustain the position assumed by the court. Take for instance, *West, Oliver & Co. v. Snodgrass, 17 Ala., 549.* The head-note, which correctly summarizes the principle decided, is as follows: "A deed of assignment, by an insolvent debtor, which provides that the preferred creditors are not to enjoy its benefits unless they accept of its provisions in full satisfaction of their debts, and that if any of them refuse to accept they shall be excluded, and the *pro rata* share to which they would have been entitled, had they accepted, shall be paid to another specified creditor, and which makes no pro-vision as to the disposition of any surplus that may remain in the event all the preferred creditors shall refuse to accept, after paying the debt of the residuary creditor, is fraudulent and void on its face."

Compare also *Grimshaw v. Walker, 12 Ala., 101,* and *Reavis v. Garner, Ib., 664,* which are not mentioned in the opinion.

The case of *McCall v. Hinkley, 4 Gill., 128,* and *Kettlewell v. Stewart, 8 Id., 502,* were virtually, though not expressly, overruled in *Green v. Trieber, 3 Md., 11,* and *Langston v. Gaither, Ib., 40.* In the later case of *Malcolm v. Hodges, 8 Md., 418,* the syllabus is as follows:

"An implied reservation of the surplus, after paying the releasing or preferred creditors, to the grantor, avoids the deed equally with an express reservation, and the court cannot look outside of the deed to ascertain whether there will be a surplus or not." See, also, *Bridges v. Hindes, 16 Md., 101; Whedbee v. Stewart, 40 Id., 414.*

The case of *Hall v. Denison, 17 Vt., 310,* countenances stipulations for a release, as a condition of preference, but not as a condition of participation in the debtor's assets. The assignment did not attempt to exclude from all benefit under it such creditors as would not release their debts, but, on the contrary, provided for the division of all property, remaining after paying preferred creditors, *pro rata* among all the creditors.

In *Dana v. Lull, 17 Vt., 390,* the head-note is as follows: `

"When a debtor makes a voluntary assignment of all his property to a trustee for the benefit of certain of his creditors, who are specified, and does not provide that the surplus shall be distributed among all his creditors, but there is either an express reservation of the surplus to himself, or no direction given as to the surplus, the effect of which would be, by implication of law, a resulting trust, as to the surplus, to himself, such assignment is fraudulent *per se* and void. And this is so, notwithstanding it appears in the end that the property assigned was not sufficient to pay all the debts due to the creditors named in the assignment." . . . .

The great names of Marshall and Story are appealed to, in *Clayton v. Johnson,* as favoring the view adopted by the court. But an examination of their opinions, in *Brashear v. West, 7 Pet., 608,* and in *Halsey v. Whitney, 4 Mason, 206,* shows that they reluctantly, and against the convictions of their better judgment, followed the local law of Pennsylvania and of Massachusetts.

The case of *Clayton v. Johnson, supra,* is on this point overruled.

2. SAME:— Time not specified for acceptance, etc.
We are further of the opinion that the deed under consideration is void, because it specifies no time within which creditors are to accept the provision made for them and surrender their debts. The assignee can never know when he is to begin

to make distribution. He cannot tell what any creditor's share will be, until he knows what creditors are coming in. And as the time for signifying their election is unlimited, distribution may be indefinitely delayed. *2 Kent's Comm., \*534; Burrill on Assignments, 4 ed., p. 275; Bump. Fraud. Conv., 3 ed., 440; Pearpoint v. Graham, 4 Wash., 232; Henderson v. Bliss, 8 Ind., 100; Mayer v. Shields, 59 Miss., 107.*

Another fatal defect is that the deed provides the trust shall be administered and closed up under the supervision of the creditors who assent to it. The effect of this clause is to give a bare majority of assenting creditors complete control and power to keep the estate open as long as they choose. Creditors who are injured by the delay would have no redress, because the assignee is executing his trust according to its terms. The statute prescribes the duties of the assignee; and an assignment is fraudulent which vests in him any discretionary powers, or which directs or authorizes him to dispose of the property assigned, or to settle up the estate in a manner different from that pointed out in the statute. *Jaffray v. McGeehee, 107 U. S, 361; Raleigh v. Griffith, 37 Ark., 150; Teah v. Roth, 39 Id., 66; Schoolfield v. Johnson, 11 Fed. Rep., 297.*

Judgment affirmed.

