NELSON *v.* HARPER.

Opinion delivered January 17, 1916.

1. ASSIGNMENTS—CONDITIONS—RELEASE OF DEBTOR.—A provision in an assignment, which requires, as a condition precedent to participation in the funds assigned, that the creditor or creditors shall release the debtor, will render the assignment void, even though all the debtor's property is included in the assignment.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS—COMPLIANCE WITH STATUTE—
   TITLE.—A debtor made an assignment of his property to one H.
   for the benefit of his creditors, which transferred the title to the
   property to H. as trustee for the use and benefit of all the creditors,
   and where H. took possession of the property, the fact that he did
   not file an inventory thereof, and bond, as required by the statute,
   did not divest the title out of him as trustee or change the charac-
   ter of the instrument as a general assignment for the benefit of
   all the creditors.

3. ASSIGNMENT FOR BENEFIT OF CREDITORS—RIGHT OF SINGLE CREDITOR.—
   Trust funds, or property belonging to a debtor, in the hands of a
   trustee or assignee for the payment of all creditors of a debtor,
   can not be reached by garnishment issued at the instance of one
   of the creditors, to have his claim satisfied in full.

4. ASSIGNMENT FOR BENEFIT OF CREDITORS—CREDITORS SHARE PRO RATA.—
   Where a debtor makes an assignment of his assets for the benefit
   of all his creditors, the same must go to all the creditors *pro rata*.
   (Kirby's Digest, Chap. VIII.)

5. ASSIGNMENT FOR BENEFIT OF CREDITORS—TRUST FUNDS—GOODS HELD IN
   TRUST.—Goods, held in trust, by the trustee under an assignment
   for the benefit of creditors, can not be reached by execution.

Appeal from Union Circuit Court; *C. W. Smith,*
Judge; affirmed.

STATEMENT BY THE COURT.

The Monroe Grocer Company, limited, recovered
judgment against one J. P. Gathright for $52.25. Execu-
tion was issued and levied by the constable upon certain
goods as the property of Gathright. R. G. Harper (ap-
pellee) instituted this suit against the plaintiff in execu-
tion and the constable to recover the possession of these
goods. Harper claimed title to the property under an
instrument purporting to be a deed of assignment by
Gathright for the benefit of creditors in which he con-
veyed to Harper "as trustee for the use and benefit of all
his creditors" all of his property, the deed reciting:
"consisting of lands and personal property, the personal
property consisting of a stock of merchandise located at
my store building at Strong, Arkansas, and all book ac-
counts and notes due me by sundry parties arising from
the sale to them of merchandise and otherwise, all of said

property, both real and personal, being described in said inventory attached hereto as aforesaid."

The instrument further reciting: "This assignment conditioned, however, that the same is made with the understanding that all my creditors accept the same in full of their said debts, fully releasing me from the further payment therefrom." And the instrument contained the further recital: "It is further agreed by the undersigned that all my rights and equity of redemption in and to all lands heretofore mortgaged by me to other creditors, is hereby assigned to said R. G. Harper as trustee, for the use and benefit of my said creditors, except the land mortgaged to J. D. Gathright, being my homestead. A further condition of this assignment being that the terms hereof are to be accepted by said creditors within a reasonable time from date hereof."

Among other things in the agreed statement of facts is the following: "That said R. G. Harper, as assignee, did not make or cause to be made an inventory of the stock of merchandise before the execution and delivery of the assignment, but did cause to be made an inventory of the same prior to the issuing of the execution on the judgment mentioned, and that J. D. Nelson, as constable, before levying the execution, was duly notified of the assignment. that immediately after the assignment, the said R. G. Harper, through J. D. Gathright, took possession of said stock of merchandise, directing the said J. D. Gathright to at once take an inventory of the same, and which inventory was at once taken and in the hands of R. G. Harper before the issuance of said execution, and the keys of the storehouse were not delivered to the said R. G. Harper until after the levy of the execution.

"That no inventory or bond was ever filed by the said R. G. Harper with the circuit clerk of Union County under the law governing assignments, or otherwise; that no bond was ever made."

The mortgage referred to in the instrument purporting to be an assignment was introduced, with the instrument purporting to be the assignment, in evidence, and it

showed that Gathright mortgaged to his son 194 acres of land, three mules and a lot of cows and calves, to secure an indebtedness of $900.

The court found that the plaintiff (appellee) had title to the property and rendered judgment in his favor for the same.

*Neill C. Marsh,* for appellants.

The assignment is void and conveyed no title; hence, the assignee can not maintain replevin against an officer levying under a valid execution. Kirby's Dig., § § 336-7. An insolvent debtor has no right to dictate terms and coerce his creditors into releasing their debts. 2 Ruling Cases Law, 670-1, ¶ 29; 47 Ark. 367; 36 *Id.* 406; 46 *Id.* 405; 85 N. Y. 464; 57 Barb. 249; 59 Miss. 69; 53 Ark. 81; 64 *Id.* 322. Nor can he withhold a part of his property, or omit any from the assignment. Cases, *supra;* 46 Ark. 405; 64 Ark. 322; Acts 1913, Act No. 88.

The property was not *in custodia legis.* 2 Ruling Case Law, p. 702, art. 54.

*R. G. Harper, per se,* and *W. E. Patterson,* for appellee.

The title to the property passed to the trustee under the assignment. It became trust property for the benefit of all the creditors *pro rata,* and was not subject to garnishment. No fraud is shown. No property is withheld or omitted, and none reserved except such as was exempt by law. Kirby's Dig., § 339; 52 Ark. 30; 66 Ark. 161; 83 Ark. 182; 104 Ark. 222.

Wood, J., (after stating the facts). (1) A provision in an assignment which requires, as a condition precedent to participation in the funds assigned, that the creditors shall release the debtor is, according to the prevailing American rule, oppressive and renders the assignment void, even though all the debtor's property is included. "This," say the authors of Ruling Case Law, "is on the ground that an insolvent debtor has no right to dictate terms which shall make him independent of his legal obligations and that it is contrary to justice and against public policy to allow debtors to coerce their

creditors into releasing their debts.'' 2 R. C. L., 670-671, and note. This doctrine was announced in *Collier v. Davis,* 47 Ark. 367, overruling *Clayton* v. *Johnson,* 36 Ark. 406, where the contrary was held.

Under the above rule, the condition in the instrument under review, requiring all the creditors of Gathright to release him from further payment of their debts as a condition precedent, rendered the instrument void under the general rule as to assignments for the benefit of creditors, in the absence of a statute to the contrary.

Under the old rule in regard to assignments for the benefit of creditors any of the creditors of Gathright could have ignored the assignment and subjected his property to the payment of their debts. But this is not the rule under our statute.

In *Richmond* v. *Mississippi Mills,* 52 Ark. 30, we said that, where a debtor executed an instrument, in whatsoever form, or by whatsoever name, with the intention of having it operate as an assignment and with the intention of granting the property conveyed absolutely to the trustee to raise a fund to pay debts, the transaction constitutes an assignment.

(2) The court was warranted in finding, under the agreed statement of facts, that the instrument under consideration constituted an assignment and it had the effect to transfer the title to the property mentioned therein to Harper as trustee for the use and benefit of all the creditors. The agreed statement of facts shows that Harper took possession of the property through J. D. Gathright, and directed him to make an inventory, which was done, and while Harper as assignee did not comply with the requirements of the statute in regard to filing his inventory and bond with the clerk of the chancery court (Kirby's Digest, § 336), that did not operate to divest the title out of him as trustee or change the character of the instrument, under the statute, as a general assignment for the benefit of all the creditors.

In *State National Bank* v. *Wheeler-Motter Merc. Co.,* 104 Ark. 222, an insolvent mercantile firm sold its stock of goods for the sum of $1,010 and turned the proceeds

over to one B. H. Kuhl for the purpose of distributing the same *pro rata* among its creditors. The transaction was merely verbal and not evidenced by any written assignment. Kuhl was vice president of the State National Bank, and the money deposited was placed to his credit on the books of the bank. The amount was sufficient to pay 25 per cent. of the debtor's liabilities. Most of the creditors agreed to accept the *pro rata* of 25 per cent., but the plaintiff creditor declined to accept that sum and brought suit in the circuit court against the debtor to recover the amount of its debt, and sued out a writ of garnishment against the bank to appropriate the funds in its hands to the payment of plaintiff's claim. The circuit court directed a verdict for the plaintiff for the full amount of its claim against the bank as garnishee. In reversing the ruling of the trial court, we said: ' "In the absence of a statute, funds or other property held under a void assignment for the benefit of creditors is subject to garnishment at the action of any creditor or of the assignor; but that rule is changed in this State by a statute, which provides that if, for any cause, an assignment shall be declared void, 'the same shall then be considered and treated as a general assignment of all his property, not exempt from execution, for the benefit of all his creditors *pro rata,* and said property shall be disposed of and distributed for their benefit under the orders and directions of the chancery court.' " Citing *Tapp* v. *Williams,* 83 Ark. 882, where we said: "The assignment of the debtor's assets for the benefit of all the creditors must, under the statute, go to all the creditors *pro rata.* No one of them has the right by garnishment to subject the trust fund to the payment of all his debt to the exclusion of the debts of the others."

(3-4) The doctrine of the above cases, under the agreed statement of facts, is applicable here. At the time the goods were levied on by the constable under the execution he had notice of the assignment and that the assignee, Harper, was in possession of the property under and by virtue of such assignment. Under the facts of the

above cases we held that trust funds in the hands of a trustee or assignee for the payment of all creditors of a debtor could not be reached by garnishment issued at the instance of one of the creditors to have his claim satisfied in full; that the assignment of the debtor's assets for the benefit of all the creditors must, under the statute, go to all the creditors *pro rata.*

(5)    There is no well grounded distinction between trust funds held for the payment of debts and goods held in trust for the same purpose.    If trust funds under the facts in the above cases could not be reached by garnishment, it necessarily follows that the goods held in trust under the facts of the instant case can not be reached by execution.    The remedy of appellant grocery company for the satisfaction of its judgment, as pointed out in *Tapp* v. *Williams, supra,* was in equity against the trustee for the payment of its claim *pro rata.*

The judgment of the circuit court is therefore correct and it is affirmed.