### SIMMONS HARDWARE CO. et al. v. RHODES et al.

(Circuit Court of Appeals, Eighth Circuit. June 15, 1925.)

No. 6771.

1. **Appeal and error ⬅➡263(1)—Correctness of charge not presented for review, in absence of exception.**

Correctness of charge is not presented for review, where no exceptions were taken thereto.

2. **Assignments for benefit of creditors ⬅➡39— Conditional stipulation, in general assignment for benefit of creditors, to extinguish liability of maker, renders such an assignment invalid.**

It is a settled rule of decision in Arkansas, as disclosed by decisions from Supreme Court of that state, that a conditional stipulation in a general assignment for benefit of creditors, if accepted, shall extinguish and satisfy all liability of the maker of the assignment to creditors, renders such an assignment invalid, because it tends to hinder, delay, and defraud creditors in collection of their just debts.

3. **Corporations ⬅➡354 — Parol agreement in general assignment for creditors held not to present defense in suit to enforce liability of corporate officers.**

In suit to enforce liability provided by Crawford & Moses' Dig. Ark. § 1726, for corporate debts contracted during period of defendants' failure to make annual report required by section 1715, as corporate officers, contemporaneous parol agreement, in written trust agreement of general assignment of all property of corporation for benefit of creditors, that corporation was to have all its debts absolutely satisfied and extinguished as a consideration for making the assignment, held not to present a defense.

4. **Corporations ⬅➡342(2)—Liability of officers for failure to make statutory report held properly limited to debts of corporation contracted during period of default; "contracting a debt."**

In suit to enforce liability provided by Crawford & Moses' Dig. Ark. § 1726, for corporate debts contracted during period of defendants' failure to make annual report required by section 1715, as corporate officers, defendants' liability held properly limited to debts of corporation contracted during period of failure to make report, in view of section 1726; "contracting of a debt" meaning the creation or bringing into existence of a debt which theretofore had no actual existence.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Contracting a Debt.]

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by the Simmons Hardware Company and others against Joe W. Rhodes and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

Arthur L. Adams, of Jonesboro, Ark. (Morton Jourdan and Fred L. English, both of St. Louis, Mo., H. M. Cooley and Robert E. Fuhr, both of Jonesboro, Ark., and George N. Dunn, of St. Louis, Mo., on the brief), for plaintiffs in error.

J. T. Coston, of Osceola, Ark. (W. J. Driver and S. R. Simpson, both of Osceola, Ark., on the brief), for defendants in error.

Before SANBORN, Circuit Judge, and POLLOCK and SYMES, District Judges.

POLLOCK, District Judge. The record in this case brings before this court for review this question: What is the legal effect of a written trust agreement of general assignment of all the property of a debtor for the benefit of creditors; said assignment being conditioned by a parol contemporaneous agreement that the debtor is to have all its debts absolutely satisfied and extinguished as a consideration for the making of the assignment?

This question came into this litigation by way of an amendment to the answer, and is pleaded in this language: "The facts are, as the plaintiff well knows, that on the 7th day of August, 1923, the plaintiff agreed if Segraves Hardware Company would turn over and deliver to G. N. Dunn and M. J. Burke, trustees, all of its assets, that the same would [————] received and treated as a payment and satisfaction in full the [demand] of plaintiff and other creditors, and

thereupon the said Segraves Hardware Company executed and delivered to G. N. Dunn and M. J. Burke, trustees, an assignment or conveyance of all of its assets of whatever nature and wherever situated."

To this amendment to the answer so declaring, the written assignment to the trustees was attached and made a part of the same. However, the written assignment does not contain any such release as pleaded. Wherefore, if shown by defendants, the same must have been shown to rest in parol.

At the trial, the defense offered evidence to establish the release of the corporation from its indebtedness pleaded was made contemporaneously with the written agreement and as a consideration for its making, and that the same rested in parol. To this evidence plaintiff objected at the time, which objection was overruled and exception saved. The trial court charged the jury, if it found the written assignment was conditioned when made by the parol agreement for release of the corporation from its indebtedness claimed, then the corporate indebtedness was thereby extinguished, and a verdict for defendant should be returned. As a verdict was returned for defendant by the jury, it must have found the parol agreement was made as claimed by defendants.

This controversy and result arose out of this state of facts:

The Segraves Hardware Company, a corporation of Arkansas, was engaged in business at the town of Osceola, Mississippi county, Ark. Of this corporation one C. B. Segraves was president and Joe W. Rhodes, Jr., was secretary. The state of Arkansas has a statutory provision making it the duty of the president and secretary of all corporations to make certain reports, certify the same, and file with the county clerk of the county in which the corporation is engaged in business concerning its corporate actions and affairs. And if this corporate duty is not performed, another statute makes said officers liable for all debts contracted during the default of the officers. These statutory provisions are found in sections 1715 and 1726, Crawford & Moses' Digest of Arkansas Statutes, and provide as follows:

"1715. *Annual Report.* The president and secretary of every corporation organized under the provisions of this act shall annually make a certificate showing the condition of the affairs of such corporation, as nearly as the same can be ascertained, on the first day of January or of July next preceding the time of making such certificate, in the following particulars, viz: The

amount of capital actually paid in; the cash value of its real estate; the cash value of its personal estate; the cash value of its credits; the amount of its debts; the name and number of shares of each stockholder; which certificates shall be deposited on or before the fifteenth day of February or of August with the county clerk of the county in which said corporation transacts its business, who shall record the same at length in a book to be kept by him for that purpose."

"1726. *Liability of President and Secretary for Debts.* If the president or secretary of any such corporation shall neglect, fail or refuse to comply with the provisions of section 1715, and to perform the duties required of them respectively, the person or persons so neglecting, failing or refusing, shall jointly and severally be liable to an action founded on this statute for all debts of such corporation contracted during the period of any such neglect or refusal, and shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not to exceed five hundred dollars, and each and every day such person or persons shall so neglect to comply with the provisions of said section 1715 or fail or refuse to perform said duties, shall constitute a separate offense."

On August 7, 1924, the Segraves Hardware Company being heavily indebted, made what is called a trust agreement; the same being a general assignment of all its property to G. A. Dunn, a representative of the Simmons Hardware Company and M. J. Burke, a representative of the John Deere Plow Company, as trustees. A further like assignment seems to have been made on September 21, 1923. Shortly after the making of this assignment the officers of the hardware company and the trustees made or attempted to make a sale of the assets of the hardware company to a firm known as N. G. Cartright & Son of Osceola. However, this trade was never consummated, for the reason bankruptcy proceedings intervened, and the estate of the hardware company was administered in the bankruptcy court. As the indebtedness of the hardware company to Simmons Hardware Company and the John Deere Plow Company was quite large in amount, an action was brought by each of said companies against Segraves, the president, and Rhodes, the secretary, of said Segraves Hardware Company to enforce their statutory liability as provided in the statutes of Arkansas above quoted. By way of amendment to the answer of defendants, the making of the assignment to Dunn and

Burke, as trustees, for the benefit of creditors, and as a condition of, and a consideration for, the making of said assignment, it was contended by defendants an express parol agreement that the hardware company should be absolutely relieved from any further liability on account of its indebtedness to its creditors was entered into. While the existence of this parol agreement for release contemporaneous with the writing was denied by the trustees taking the assignment in trust, yet, under the charge of the court, the jury must have found said agreement for release established, for a general verdict for defendants was returned in this statutory action of Simmons Hardware Company against Segraves and Rhodes.

For convenience, the parties will be designated as they stood on the record below.

A stipulation was entered into in the action of John Deere Plow Company against same defendants on the same statutory ground, that case should abide the judgment in this action.

It will be seen from this statement, in order for defendants as officers of the corporation to escape liability (for the failure to comply with the statutory duty enjoined on them was conceded), defendants must plead and prove the release and extinguishment of the corporate debt to plaintiff as a consideration for the making of the general assignment to creditors, and must further show said assignment for the benefit of creditors, when made as so conditioned, constituted a valid agreement, and such is the contention of defendants in this case.

On the contrary, it is the insistence of plaintiff no such parol condition was attached to the assignment made as is contended for on behalf of defendants; and, further, if as found by the jury such condition for release and satisfaction of all the indebtedness of the maker of the assignment was made, then the entire assignment for the benefit of creditors was void and nonenforceable under the settled law of the state of Arkansas in regard to general assignments for the benefit of creditors.

These questions are presented by assignments of error Nos. 4 to 7, inclusive, and No. 9, and will be considered together.

A demurrer was interposed by plaintiff to the amendment to the answer, alleging the release of the corporation making the assignment from all liability, and this demurrer was overruled by the court.

[1] Certain exceptions are taken to the charge of the court to the jury; yet no exception challenging the correctness of the charge in permitting the jury to find for the defendant, in the event it found the parol agreement for release contended for by defendants was made as a part of the written assignment. Hence the same may not be reviewed here.

There was at the conclusion of all of the evidence a motion to instruct a verdict for the plaintiff in the action, which was overruled and denied.

[2] An examination of the decisions from the Supreme Court of the state of Arkansas discloses it to be the settled rule of decision in that state that a conditional stipulation in a general assignment for the benefit of creditors, if accepted, shall extinguish and satisfy all liability of the maker of the assignment to creditors, renders such an assignment invalid, because the same tends to hinder, delay, and defraud creditors in the collection of their just debts. Collier v. Davis, 47 Ark. 367, 1 S. W. 684, 58 Am. Rep. 758, expressly overruling the prior decision of that court rendered in Clayton v. Johnson, 36 Ark. 406, 38 Am. Rep. 40. See, also, Richmond v. Mississippi Mills, 52 Ark. 30, 11 S. W. 960, 4 L. R. A. 413; Gilkerson Sloss Commission Co. v. London, 53 Ark. 88, 13 S. W. 513, 7 L. R. A. 403; Lincoln v. Field, 54 Ark. 471, 16 S. W. 288; Churchill v. Hill, 59 Ark. 54, 26 S. W. 378; Smith v. Patterson, 57 Ark. 537, 22 S. W. 342; Baker v. Baer, 59 Ark. 503, 509, 28 S. W. 28; Phelps v. Wyler, 67 Ark. 97, 102-103, 56 S. W. 632; Lowenstein v. Finney, 54 Ark. 124, 15 S. W. 153; Nelson v. Harper, 122 Ark. 39, 182 S. W. 519.

The ground on which defendants asserted the right to prove the contemporaneous parol agreement of release was this: The written assignment states the consideration to have been "one dollar and other valuable considerations," and that in such case it is always open to a party to the contract to show what the true consideration paid or agreed to be paid for the making of the contract is. This statement of the general rule is undoubtedly correct, as shown by the many cases cited by defendants in its support. However, the question here presented does not so much concern itself with the general rule as with the effect of that rule if allowed, for it has been held, where the prohibited stipulation for the release of the maker rests in parol, it must be proven, and, when established as a part of the assignment, the effect upon the assignment is the same as though it was found written

therein. In Aaronson v. Deutsch (C. C.) 24 F. 465, Judge Caldwell, delivering the opinion, says: "And a deliberate agreement, in or out of the deed, made at the time and carried into effect, to violate the statute, is a fraud upon the statute, and a fraud upon the legal rights of creditors, which the law will redress by removing the fraudulent barrier to the assertion of their legal rights against their debtor."

Another reason why it did not lie in the mouth of defendants to defeat this action to recover the statutory liability for a violation of their official duty as prescribed by statute, is this: The ground on which general assignments for the benefit of creditors are defeated, if made on condition creditors must release the maker of the assignment absolutely, and extinguish the personal obligation of the debtor, making the same if the assignment is accepted, tends to hinder, delay, and defraud creditors in the collection of their just debts, and to so do is a wrong done them. Hence, to uphold the parol condition for release and discharge of the corporation making the trust assignment in this case from all other and further liability would permit defendants to take advantage of their own wrong in making the parol release relied upon as a condition of the making of the assignment.

[3] It follows, viewed from a standpoint of law, the parol release relied upon in this case as a condition of a consideration for the making of the assignment for the benefit of creditors cannot afford defendants a defense to the enforcement of a statutory liability to creditors for the corporate debts contracted during the period of their default of a statutory duty as corporate officers.

[4] Error is assigned in the action of the trial court in limiting the period within which the statutory liability accrued. It has been held an action to recover the liability here created must be brought under the statute of limitations of the state within three years after the cause of action accrues. Again, the language of the statute creating the liability appears very clear of understanding. It reads: "All debts of such corporation contracted during the period of any such neglect or refusal."

The contracting of a debt means the creation or bringing into existence of a debt which theretofore had no actual existence. On this point we think the ruling of the trial court is correct. Griffin v. Long, 96 Ark. 268, 131 S. W. 672, 35 L. R. A. (N. S.) 855, Ann. Cas. 1912B, 622; Jones v. Harris, 90 Ark. 51, 117 S. W. 1077.

It follows, for the reasons stated, the judgment entered must be reversed, and the case remanded, for a new trial in accordance with the views herein expressed.