## GILKERSON-SLOSS COMMISSION CO. V. LONDON.

Decided March 22, 1890.

*Assignment for benefit of creditors—Delivery of property to assignee before bond and inventory filed.*

Where, in pursuance of a collateral agreement contemporary with the execution of a deed of assignment for benefit of creditors, the assignor delivers possession of the property assigned to the assignee before the bond and inventory required by law are filed, the assignment is void as to creditors.

APPEAL from *Crawford* Circuit Court.

JOHN S. LITTLE, Judge.

*O. P. Brown, L. P. Sandels* and *U. M. & G. B. Rose* for appellant.

1.   The assignment is a partial one, and contains preferences and is void.   4 Ark., 303.

2.   Before the assignee shall be entitled to take possession, sell, manage or control the property assigned, he shall make and file his bond and inventory.   Where the assignors, either in the assignment, or by contemporaneous agreement, delivered possession of the assigned property to the assignee, it vitiates the deed.   37 Ark., 64; 39 Ark., 68; 24 Fed. Rep., 460; 24 Fed. Rep., 465; Burrill on Assignments, sec. 501.

Delivery of the keys was delivery of possession in this case.   24 Fed. Rep., 465.

*B. H. Tabor* for appellees.

1.   The key was delivered simply that the assignee might gain access to the store for the purpose of making inventory.   The understanding was clear that the assignors should retain possession and control the stock until inventory and bond were made and filed.

2. A partial assignment containing preferences is not void.  4 Ark., 304; 11 Wend. (N. Y.), 181; 52 Ark., 30; Burrill on Assignments (5th ed.), 215, sec. 157; 12 B. Mon., 208; 13 S. & M. (Miss.), 22; 51 Ala., 590; 1 New Mex., 34; 2 R. I., 335; 37 Mo., 500; 103 Ind., 166; 30 Ala., 195; 26 Ala., 642; 31 Mo., 107; Burrill, Assignments, p. 218, secs. 160, 164 and notes.

BATTLE, J.  London Bros., a firm composed of Jesse and John London, were engaged in the mercantile business at Alma and Rudy in Crawford county, in this State.  On the 24th of November, 1887, they assigned to S. W. Frye all their notes, accounts and other evidences of indebtedness, and all their goods, wares, merchandise and fixtures of every kind, at Alma and Rudy, for the benefit of their creditors. Thereupon Gilkerson-Sloss Commission Company commenced an action against the assignors and sued out an order of attachment and caused the sheriff to execute the same by levying on the property assigned.  The ground of the attachment was, the defendants had fraudulently disposed of their property, the fraud relied on being the making of the assignment.  They made no defense to the action but controverted the ground of the attachment.  Frye filed a complaint and claimed the property attached, under the assignment.  The attachment was discharged, and the claim of Frye was sustained and plaintiff appealed.

The deed of assignment was valid on its face.  It did not authorize the assignee to take possession before the filing of an inventory and the execution and approval of his bond, as required by law.  But evidence was adduced on the trial tending to prove that the assignors, contemporaneously with the execution of the deed, agreed to deliver to the assignee the keys to the store-houses containing the property assigned, for the purpose of enabling him to make his inventory; that, pursuant to this agreement, the deed of assignment and one

of the keys to the Alma store were delivered to the assignee at the same time, and, within a very short time thereafter, the only key to the Rudy store; that Jesse London retained the only other key to the Alma store; and that he admitted that he did not go near the store or exercise any control over the property after the delivery of the deed.    Upon this evidence the appellant asked an instruction in the following words:  ''The court instructs the jury that under the law the assignee is entitled to access to the property assigned for the purpose of making an inventory and bond; but he is not entitled to possession until he has filed his inventory and bond in the clerk's office.    If upon the face of a deed of assignment the assignor directs or authorizes the assignee to take possession of the property assigned before he has filed his inventory and bond, this renders the deed fraudulent and void as to creditors.  And if the assignee or his agent, before the filing of the bond and inventory, by direction or with the consent of the assignor, in consummation of an agreement, oral or written, extraneous to the deed, takes the keys of the storehouse and thus has possession of the property assigned, it renders the deed fraudulent and void as to creditors, just as though such agreement was set forth in the face of the deed.''  And the court refused to give it, but gave the following:  ''The court instructs you that, under the law, the assignee is entitled to access to the property assigned for the purpose of making an inventory and bond; but he is not entitled to possession until he has filed his inventory and bond in the clerk's office.    If, upon the face of the deed of assignment, the assignor directs or authorizes the assignee to take possession of the property assigned before he has filed his inventory and bond, this would render the deed fraudulent and void as to creditors.    And if the assignors, or their agents, by their directions or with their consent, in consummation of an agreement, oral or written, extraneous to the deed and made at or before the execution of the deed, agreed to put the assignee

in possession of the property assigned before the making and filing of the inventory and bond, as provided by law, and such assignee was put in possession of the property before the filing of the bond, this would render the deed fraudulent and void as to creditors. And if you find from the evidence that a key or keys to the store house or houses were delivered to the assignee at the time of the delivery of the deed or afterwards, in consummation of a contemporaneous agreement, together with the possession of the property, this would render the deed fraudulent and void. But, if the key or keys were delivered to the assignee for the purpose only of giving access to the goods to enable him to make an inventory, the assignors retaining to themselves the possession and control of the assigned property, this would not render the deed void. By 'access,' as used in the instruction, is meant 'liberty to approach and inspect the property.' By 'possession' is meant, 'that condition under which one can exercise his power over property at his pleasure to the exclusion of all others.' ''

Under this state of facts arises the question, did the agreement and the delivery of the keys avoid the deed? Section 305 of Mansfield's Digest provides: ''In all cases in which any person shall make an assignment of any property, whether real, personal, mixed or choses in action, for the payment of debts before the assignee thereof shall be entitled to take possession, sell or in any way manage or control any property so assigned, he shall be required to file in the office of the clerk of the court exercising equity jurisdiction a full and complete inventory and description of such property, and also make and execute a bond to the State of Arkansas in double the estimated value of the property in said assignment, with good and sufficient security, to be approved by the clerk of said court, conditioned that such assignee shall execute the trust confided to him, sell the property to the best advantage and pay the proceeds thereof to the creditors

Delivery of property to assignee before filing bond and inventory is fraudulent.

mentioned in said assignment according to the terms thereof, and faithfully perform the duties according to law.'' The intention of this statute is manifest. Before the assignee can lawfully take possession of the property assigned, he must file an inventory of the property conveyed to him and execute a bond, with good and sufficient sureties, to faithfully perform his duties. ·The object of this provision is the protection of creditors and the prevention of fraud. The inventory is to show the property assigned, and the bond to secure all parties concerned against loss on account of the failure of the assignee to perform his duties, and both are required to be filed before the assignee can lawfully have an opportunity to make a fraudulent disposition of the property. Until they are filed, it is the duty of the assignor to retain possession and control and take care of and protect the property. The delivery of possession to the assignee for any purpose, prior to the time fixed by law, which would enable him to do what the statute intended to prevent, would be clearly unlawful. The purpose can avail nothing if the possession given afforded the assignee the opportunity to commit the frauds that the statute intended to prevent by requiring the bond and inventory to be first filed. If the evidence adduced, as stated, be true, possession was delivered to the assignee in this case in violation of the statute. *Bartlett et al. v. Teah et al.*, 1 McCrary, 176, 179.

But the question recurs: Did the agreement and the delivery of the keys in pursuance thereof avoid the assignment? This court has repeatedly held, that provisions in a deed, which were in contravention of the statute, rendered the deed void. In *Teah v. Roth*, 39 Ark., 66, an attachment was sued out on the ground, the defendant had fraudulently disposed of her property, the fraud relied on being the making of an assignment for the benefit of creditors. In speaking of the deed of assignment in that case, the court said: ''The deed empowered the assignees to retail the

goods privately for twelve months, and then to sell the remainder by public auction.   This is in contravention of our statute of assignments, which directs a' public sale within one hundred and twenty days after the assignee takes upon himself the execution of the trusts of the assignment.   And the legal effect is to avoid the deed, as against non-assenting creditors.''   And the court held the assignment fraudulent. See *Raleigh v. Griffith*, 37 Ark., 150; *Rice v. Frayser*, 24 Fed. Rep., 460.

In *Aaronson v. Deutsch*, 24 Fed. Rep., 465, the question under consideration was presented and decided.   The court said: ''It was the understanding of the parties to the deed that possession of the assigned property should be delivered to the assignee upon the execution and delivery of the deed, and before the assignee had qualified by giving bond and filing an inventory.   Accordingly, immediately after the execution of the deed the assignor put the assignee in possession of the property.   The key to the store-house containing the property, and the property itself, was delivered to the assignee; the assignor withdrew from the place and abandoned all watch or care over the property, leaving the assignee to exercise absolute and unrestricted dominion over it. The assignee had not given bond and filed the inventory up to the time the goods were attached.   The contention of the learned counsel for the defendants is that, because this illegal understanding and actions of the parties was not in terms provided for in the deed, the validity of the assignment is not affected thereby; and that the wrongful possession of the assignee was a matter occurring subsequent to the execution of the deed, and cannot affect its validity.   The mere act of taking possession was subsequent to the execution of the deed; but it was done in pursuance of an understanding had at the time of the execution of the deed, and when that fact is shown, its legal effect is the same as if the deed had provided for it.   When the parties to the deed enter into an agreement

to do an act in violation of the requirements of the statute of assignments, and that agreement finds expression in the deed, the instrument is fraudulent and void in law upon its face. Where such an agreement is made, but is not disclosed on the face of the deed, it must be proved; and when it is proved, and it is also shown that the parties are carrying out their illegal purpose, the effect upon the validity of the assignment is precisely the same as if the illegal purpose had been declared on the face of the deed. * * * * And a deliberate agreement, in or out of the deed, made at the time and carried into effect, to violate the statute, is a fraud upon the statute, and a fraud upon the legal rights of creditors, which the law will redress by removing the fraudulent barrier to the assertion of their legal rights against their debtor." *Whedbee v. Stewart*, 40 Md., 414, 424.

Upon the evidence adduced the instructions asked for by appellant should have been given. For reasons indicated the instruction given was erroneous and misleading.

Other questions are presented for our consideration, but we do not deem it necessary to decide them.

Reversed.