## SMITH *v*. PATTERSON.

### Opinion delivered April 22, 1893.

*Assignment—Premature delivery of possession.*

> An assignment for creditors is fraudulent and void where possession of the assigned property is delivered to the assignee before the inventory and bond are filed, under an implied understanding between the assignor and assignee, at the delivery of the deed, that the assignee is to have immediate possession, although for the sole purpose of making an invoice, since Mansf. Dig. sec. 305 requires the assignor to remain in possession and control and protect the property until the assignee's inventory and bond are completed.

Appeal from Woodruff Circuit Court.

GRANT GREEN, JR., Judge.

*J. W. House* for appellant.

1.   The finding of the court is not sustained by the evidence.

2.   The assignor was not guilty of any fraudulent conduct at or before the execution of the assignment. There was no agreement that the assignor was to take possession before he filed bond and made his inventory. The title was in the assignee, and if the assignor's agent neglected to follow her instructions after the deed was delivered, this would not vitiate the assignment. 54 Ark. 129; 36 *id.* 423; 37 *id.* 64. See also 53 Ark. 88.

*J. H. Harrod* and *J. W. & J. M. Stayton* for appellee.

53 Ark. 88, settles this case. The evidence shows and the court found that the assignee was in possession of the goods before he filed his inventory and bond, and that he was put in possession at the time the assignment was executed. This vitiated it.

BATTLE, J. On January 21, 1891, R. J. Smith brought an action of replevin against M. H. Patterson for the recovery of a certain stock of dry goods, groceries and supplies, claiming it by virtue of a deed of assignment executed to him by Ella E. Cook, on the 20th day of December, 1890, for the benefit of her creditors. The defendant answered, denying that the plaintiff was the owner of the stock, and claimed the right to the possession thereof by virtue of several orders of attachment directed to him as sheriff of Woodruff county and by him, as such sheriff, levied thereon as the property of Mrs. Ella E. Cook, against whom the orders were issued.

The issues were tried by the court sitting as a jury. The validity of the orders of attachment was not at-

tacked. The court, having heard the evidence, found the facts to be: "That the deed of assignment was made on the day it bears date; that the assignor caused the deed of assignment to be delivered by her attorney, W. R. Coody, to the assignee, R. J. Smith, on the day it was executed; that said Coody, as her agent and attorney, at the time he delivered said deed of assignment, had the keys to the stores in which was the property assigned; that he turned the keys over to Joe Cook, as agent of the assignor, with instructions to hold the keys, but to let the assignee into the stores to make the inventory; that; pursuant to instructions from said Coody, Joe Cook opened the stores and let the assignee into them, and left him there with the keys while he was engaged in making the inventory; that the assignee was engaged several days in making the inventory; that he had the keys during the day and at night left them at a certain drug store in the town where Joe Cook was employed as clerk; that sometimes they were left with Joe Cook, and at other times put in the safe at the drug store; that each day, while the inventory was being taken, the assignee had full control of both stores and stocks of merchandise, and permitted others to enter and examine them; that the assignor had no representative or agent present while the assignee was making the inventory from the time he commenced until he completed the same; that the deed does not include all of the assignor's property, nor a complete list of her creditors."

The court found that the possession held by the plaintiff before he made his inventory and bond under the assignment was unlawful and fraudulent, and rendered judgment for the property in favor of the defendant; and the plaintiff appealed.

The evidence adduced at the trial sustains the findings of facts by the court. The deed of assignment and possession were delivered to the assignee about the same

time. About fifteen minutes after the delivery of the deed, the assignee proceeded to make an inventory. The facts clearly indicate that there was an implied understanding, if not an express one, between the assignor and assignee, at the time of the delivery of the deed, that the assignee should have possession of the stock of goods during the day while he was making his inventory. It is true this possession was understood to be for the sole purpose of taking an invoice, but it was nevertheless possession. It gave the assignee ample opportunities to make an illegal or fraudulent disposition of the property. The assignor exercised no control over the goods during this time. She was not present in person or by agent. The statutes required her to remain in possession and control, and take care of and protect the property until the inventory and bond of the assignee were completed ; and she did not. What was the understanding that the assignee only held possession for the purpose of making his inventory worth ? How did that answer the purposes of the statutes ? What protection was it to creditors ? The fact remains, he had possession, under the implied agreement, before the inventory and bond were made. According to *Gilkerson–Sloss Commission Co.* v. *London*, 53 Ark. 88, the deed is void.

Judgment affirmed.