GEORGE FOWLER, et al. vs. J. D. BLOSSER, et al.

Opinion delivered February 15, 1896.

*1.   Assignment for Creditors—Agreement of Assignor and Assignee—*
     *Possession—Bond—Fraud.*

>    If, contemporaneously with the delivery of the deed of assign-
>    ment for the benefit of creditors to the assignee, the assignor
>    and assignee expressly agree, or there are circumstances from
>    which an agreement can be clearly implied, that the assignee
>    shall have possession of the assigned property, before filing his
>    bond and inventory, as required by law, such agreement
>    becomes a part of the deed of assignment as effectually as if
>    written therein; and if followed by the possession of the
>    assigned property by the assignee before the filing of his
>    inventory and bond, as required by law, the assignment is
>    thereby avoided. And it is immaterial whether such agree-
>    ment and delivery of possession be with fraudulent intent
>    or not.

*2.   Deed of Assignment—May be varied by parol evidence when.*

>    Evidence may be admitted to show a contemporaneous agree-
>    ment for the possession of the property by the assignee before
>    filing his bond and inventory, to shed light upon the subsequent
>    possession, as it is the agreement made at the time that
>    renders the subsequent unlawful acts effective or ineffective in
>    avoiding the assignment.

*3.   Purpose of Statute.*

>    The purpose of the statute governing assignments is not only to
>    prevent fraud, but to prevent its opportunity.

*4.   Terms of Argeement.*

>    In order to avoid the assignment, it is not essential that the
>    contemporaneous agreement should be in terms for the exclu-
>    sive possession.

Appeal from the United States Court for the Northern
District of the Indian Territory.   Reversed.

WILLIAM M. SPRINGER, Judge.

Appellants instituted this action in the court below against J. D. Blosser for the recovery of a sum of money, and procured and levied an attachment upon a stock of general merchandise as the property of said Blosser. Appellee, Badgett, interpleaded and claimed the attached property by virtue of a deed of assignment from Blosser to him as assignee. From the verdict and judgment upon the trial of the issue between the appellants and the interpleader, which were in favor of the interpleader, appellee here, this appeal is taken.

The deed of assignment contained the provision that the assignee "shall first, and before taking possession or control of said property, comply with the law as to inventory and bond as provided in such cases." At the trial, appellants requested the following instruction, which was refused:

"The court instructs the jury that although there is a clause in the deed of assignment offered in evidence in this case which prohibits the assignee from taking charge or control of the property assigned until he has filed bond and inventory as the law provides, yet if you believe from the evidence in this case that at the time the assignor delivered the deed of assignment to the assignee, that he and the assignor entered into an understanding by which the assignee was to take possession of the property assigned before he filed his inventory and bond, and that, in pursuance of such understanding, said assignee did take charge of said property, either by himself or agent, before he filed his inventory and bond, that then such acts would render the assignment fraudulent and void in law, and you should find for the plaintiffs or the attaching creditors."

The court modified this instruction and gave it as follows:

"The court instructs the jury that although there is a clause in the deed of assignment offered in evidence in this case which prohibits the assignee from taking charge or control of the property assigned until he had filed his bond and inventory, as the law provides, yet if you believe from the evidence in this case that at the time the assignor delivered the deed of assignment to the assignee, that he and the assignee entered into an understanding *for the purpose of hindering and defrauding his creditors*, by which the assignee was to take *exclusive* possession of the property assigned before he filed his inventory and bond, and that in pursuance of such purpose and understanding, said assignee did take *exclusive* possession of said property, either by himself or agent, before he filed his inventory and bond, that then such acts would render the assignment fraudulent and void in law."

*J. B. Burckhalter, J. B. Turner, G. B. Denison* and *N. B. Maxey*, for appellee.

If the assignee * * * before the filing of the bond and inventory * * * in consummation of an agreement * * * extraneous to the deed, takes the keys of the store house and thus, has possession of the property assigned, it renders the deed fraudulent and void as to creditors, just as though such agreement was set forth in the face of the deed. Gilkerson—Sloss Com. Co. vs. London, 53 Ark. 88; 13 S. W. 513; Smith vs. Patterson, 57 Ark. 537; Goodbar vs. Mears, 13 S. W. 515.

*W. T. Hutchings* and *A. Z. English*, for appellees.

No brief is on file for appellees.

LEWIS, J. There was evidence tending to establish facts to which the charge requested by appellants was applicable. Should the court have given the charge as

asked, or was it correct in modifying it as shown in the instruction given? The decisions of the Supreme Court of Arkansas, which control us in the construction of the assignment statute of that state put in force in this Territory, have, in our judgment, decided this question. As we construe them, if, contemporaneously with the delivery of the deed by the assignor to the assignee, there is an express agreement between them, or there exist circumstances from which an agreement can be clearly implied, under which the assignee is to have possession of the assigned property before filing his bond and inventory as required by law, this agreement, whether oral or written, express or implied, becomes a part of the deed of assignment, as effectually as if written therein; and, if followed by the possession of the assigned property by the assignee before the filing of his inventory and bond as required by law, the assignment is thereby avoided. Gilkerson 22 S. W. 342 Sloss Com. Co. vs. London, et al., 53 Ark., 88; 13 S. W. Rep., 513; Goodbar vs. Mears, 13 S. W. Rep., 513; Goodbar vs. Mears, 13 S. W. Rep., 515; Rice vs. Frazier, 24 Fed. Rep., 460; Aaronson vs. Deutsch, Id., 465; Smith vs. Patterson, 57 Ark., 537; 22 S. W. 342.

*Oral agreements part of deed when ?*

It is immaterial whether such agreement and delivery of possession be with fraudulent intention or not. Thus in Rice vs. Frazier, it is said: "No inquiry is permissible to show no fraud was intended or that the statute was violated for an honest purpose."

*Fraudulent intent immaterial.*

In Goodbar, et al., vs. Mears, et al., as above cited, it was found by the court that upon execution of the deed of assignment, assignors delivered possession of the property assigned to the assignee, and that the assignee took possession thereof, before giving bond, but that this was not done with any fraudulent intent, either on the part of the assignors or assignee. It was held that judgment for the assignee under such circumstances was erroneous.

It is contended, however, that, inasmuch as the deed in this case provided that the assignee should not take possession of the assigned property until he had filed his bond and inventory (in which particular it is unlike the deeds in the cases cited), the deed must be held to show the contract of the parties, and that evidence of a contemporaneous agreement with reference to the possession of the property by the assignee cannot be admitted to change or vary the terms of the deed, except upon proof that the deed of assignment was a part of a scheme to defraud creditors, and its provisions were calculated to promote that object. To this contention we are unable to agree. The purpose of the statute with reference to filing inventory and bond is to prevent the possession of property by the assignee, with the opportunities for fraud thereby offered, until guaranty for the performance of his duty has been given. The purpose of the statute is not only to prevent fraud, but to prevent its opportunity. In Smith vs. Patterson the court says: ''It is true that this possession (of the assignee) was understood to be for the sole purpose of taking an invoice, but it was nevertheless possession. It gave the assignee ample opportunity to make an illegal and fraudulent disposition of the property.    *    *    *    What was the understanding that the assignee only held possession for the purpose of making his inventory, worth? How did that answer the purpose of the statute? What protection was it to creditors? The fact remains, he had possession, under the implied agreement, before the inventory and bond were made.''

Such being the purpose of the statute, the question occurs: Why is it necessary to show an agreement made at the time of the assignment, that the assignee is to have possession without bond and inventory? The answer is that another rule of law declares that no acts of the assignor or the assignee, subsequent to the assignment, shall render the same void, and therefore, it becomes necessary to

connect the subsequent possession in violation of law with the execution of the instrument. It is the agreement made at this time that renders the subsequent unlawful acts effective or ineffective in avoiding the assignment. Evidence, then, as to such agreement is admitted to shed light upon subsequent possession. It is not admitted to vary or contradict the deed, but to give such effect to subsequent illegal acts as to destroy the deed.

Parol evidence.

The admission of evidence for this purpose is not in conflict with the rule which prohibits the introduction of parol testimony to vary or contradict a valid writing, but is in conformity with a well established exception to such rule. "Oral evidence is admissible to reform a written instrument or to subvert or overthrow it entirely, but not to vary or alter it." Van Syckel vs. Dalrymple, 32 N. J. Eq. 235. In Sherman vs. Wilder, 106 Mass. 537, it was said: "A lease may be avoided by parol evidence that it was made with the intention that the demised premises should be used for an unlawful purpose, and of their actual use for that purpose, although it contains an express covenant of the lessee to make no unlawful use of them." It was held that the admission of parol evidence of agreement for unlawful use could not be objected to as contradicting the terms of the lease. To the same effect is the rule as stated by Mr. Greenleaf. 1 Greenleaf on Ev., Sec. 284.

It is to be remembered that the provision with reference to the filing of bond and inventory by the assignee is not essential to the completeness of a deed of assignment. These are provisions which the law imports into the deed. Sanger vs. Flow, 48 Fed. Rep., 152. It would seem anomalous to hold that, if a deed of assignment is silent with reference to the filing of inventory and bond by the assignee, and there is a contemporaneous agreement for possession by the assignee without bond and inventory, followed by possession, the transaction is a fraud upon the

law, whatever the intent of the parties; but that, if the deed provided that the assignee should not take possession until he has filed his inventory and bond, which is the same requirement that the law would import into the first deed, and there is a contemporaneous agreement that the assignee shall take possession without inventory and bond, followed by such possession on his part, the assignment is lawful, unless there be proof that it is a part of a general scheme to defraud, and its provisions calculated to effect such purpose. If this were a correct statement of the law, then a party who had no general scheme to defraud, but yet desired to evade the assignment law with reference to the giving of bond and filing of inventory by his assignee, would only be put to the necessity of writing a lawful provision in his deed, and controlling it by an unlawful contemporaneous agreement, and the purpose of the statute would be defeated.

Agreement for exclusive possession not necessary to avoid deed.

We do not think that to avoid the assignment, it is essential that the contemporaneous agreement should be in the terms for *exclusive possession.* If it be for possession by the assignee, and be followed, before filing his bond and inventory, by his possession, of a character and under such circumstances as to afford him opportunity to make way with the assigned property, the assignment cannot be upheld.

For the error indicated, the judgment will be reversed and remanded.

KILGORE, J., concurs,