## BADGETT vs JOHNSTON-FIFE HAT CO.

### Opinion delivered January 30, 1897.

*1. Assignment for Benefit of Creditors—Possession by Assignee Before Bond Filed—Fraud.*

When it is admitted that an assignee took possession before filing his bond and inventory, an instruction that if the assignee and assignor agreed, at the time of the delivery of the deed, that the assignee should take possession of the assigned property before filing his inventory and bond, the deed of assignment is void, is not erroneous.

*2. Instruction—Fraud.*

An instruction that the deed of assignment was valid unless some fraud on the part of the assignor, participated in by the assignee, either at the time of or prior to the execution of the deed, was properly qualified by defining the fraud necessary to avoid the deed.

*3. Testimony—Delivery of Keys.*

Testimony relating to the delivery of keys to the assignee contemporaneous with the delivery of the deed is proper to establish possession by the assignee of the assigned property before filing inventory and bond.

Appeal from the United States Court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Suit in attachment by Johnston-Fife Hat Company against J. D. Blosser. W. R. Badgett, as assignee of Blosser, interpleaded. Judgment was rendered in favor of plaintiff and the interpleader appeals. Affirmed.

Appellee sued one J. D. Blosser to recover a debt of $212.30, and procured and levied a writ of attachment upon

certain merchandise, as the property of said Blosser. Appellant interpleaded in the action, claiming to be the owner of the property attached, by virtue of a deed of assignment executed by Blosser to him prior to the levy of the writ of attachment. The trial on the interplea resulted in a verdict and judgment against the interpleader, from which he prosecutes this appeal. The issue presented by the evidence was whether, pursuant to an agreement or understanding between the assignor and assignee, contemporaneous with the execution and delivery of the deed of assignment, the assignee took possession of the assigned property before filing the inventory and bond required by law. The court instructed the jury upon this issue as follows: "(1) The court instructs you that, although there is a clause in the deed of assignment offered in evidence in this case which prohibits the assignee from taking charge or control of the property assigned until he had filed his inventory and bond as the law provides, yet if you believe from the evidence in this case that at the time the assignor, Blosser, delivered the deed of assignment to the assignee, Badgett, that he and the assignor entered into an agreement or understanding by which the assignee was to take possession of the assigned property before he filed his inventory and bond, and that the assignee, in pursuance of such understanding, did take charge of said property, either by himself or agent, before he filled his inventory and bond, that such acts would render the assignment fraudulent and void in law, and you should find for the plaintiff or attaching creditor. And in determining whether or not there was such an agreement or understanding between the assignor, Blosser, and the assignee, Badgett, you have a right to take into consideration all the facts and circumstances surrounding the case; and if you believe from the evidence, and all the circumstances surrounding the case, that there was such an understanding, you will find for the plaintiff or attaching creditors. (2

The court instructs the jury that the deed of assignment offered in evidence in the case is valid on its face, and vested the legal title to the property in controversy in this suit in the assignee named therein, and the interpleader herein, W. R. Badgett, unless some fraud *in law, either express or implied,* on the part of the assignor, J. D. Blosser, prior to or contemporaneous with the execution of the deed, known to and participated in by the assignee, W. R. Badgett, invalidated it. If, therefore, the assignment in question was free from fraud, *either express or implied,* at the time of its execution and delivery, no subsequent agreement between the assignor and assignee to disregard it, and no subsequent fraudulent acts on their part with respect to the assigned property, will invalidate it. (3) The court instructs you that fraud may be proven by circumstances, and, in determining what constitutes fraud, you have a right to consider all the evidence and circumstances in the case, and from them determine the question of fraud." The second paragraph of the court's charge was requested by appellant, without the italicized words therein. To the refusal of the court to give the charge as asked, and to its action in giving the charge as modified, exception was taken. Exception was also reserved to the first paragraph of the court's charge.

Testimony that the keys to the store were delivered to assignee at the time of the delivery of the deed was admitted over the objection of appellant.

*Hutchings* and *English*, for appellant.

This case is in all respects similar to the case of Fowler vs Blosser, 1 Ind. Ter. 36, except that the instructions contain some additional phraseology which render them erroneous. Hill vs Woodbury, 49 Fed. 138; Lowenstein vs Finney, 54 Ark. 154; Goodwin vs Kew, 60 Mo. 276. The jury cannot imply fraud. Wait on Fraud. Con. § § 9, 10; Bump on Fraud. Con. pp 22–25.

*W. B. Maxey, Geo. B. Denison, John B. Turner* and *James B. Burckhalter*, for appellee.

It is immaterial whether an agreement for possession or a delivery of possession be with fraudulent intent or not. 1 Ind. Ter. 36; Goodbar vs Mears, 13 S. W. 515; Rice vs Frazier, 24 Fed. 460; Aaronson vs Deutsch, 24 Fed. 465; Smith vs Patterson, 57 Ark. 537; Gilkerson-Sloss Com. Co. vs London, 53 Ark. 88.

LEWIS, J. (after stating the facts). 1. This case is, in all respects, similar to the case of Fowler vs Blosser Ind. Ter. 36; 35 S. W. 247. The court, in the first paragraph of its charge, gave a statement of the law which was approved as correct and applicable to the evidence in that case. The assignment of error based upon the giving of this instruction will not, therefore, be further considered. It is true, the court, in the conclusion of this paragraph, limited the consideration of the jury to the question whether there was an understanding of the assignor with the assignee for possession by the latter of the assigned property before filing inventory and bond; but, as the fact of possession by the assignee before the filing of his inventory and bond is undisputed, there was no error in the action of the court in this respect.

Instruction.

2. The sole issue raised by the proof is whether or not there was an agreement between the assignor and the assignee, contemporaneous with the execution and delivery of the deed of assignment, by which the assignee was to have possession of the assigned property prior to filing his bond and inventory. If there was such an agreement, followed by such possession, the assignment is void, whether the intention of the parties to such an agreement or understanding was fraudulent in fact or not. Such agreement and possession vitiate the assignment, because prohibited by law. If they exist, it is enough to produce this result, without

Assignment for Creditors. Agreement for Possession

more. It is true, these facts are sometimes said to constitute fraud upon the law, and sometimes fraud in law. This, however, is a matter of expression. The material inquiry in cases like the present is, do these facts concur? If so, they avoid the assignment, whether they be termed 'imputed fraud," "constructive fraud," "fraud in law," or "fraud upon the law." The charge requested by the appellant, while correct in general terms, was abstract, and calculated to mislead the jury by the use of the word "fraud," which, alone and unexplained, implies to the popular mind the idea of acts done with intent to cheat or overreach. For this reason the court properly refused the charge as asked. The instruction, as modified and given, is open to the criticism that its phraseology is not apt; but, taken in connection with the other parts of the charge, we think it presented to the jury the idea of fraud resulting in law from an agreement expressly proven, or implied from circumstances, which, when followed by possession, is adequate to overturn the deed. Believing that the jury were not misled as to the issue they were to pass upon, the defects in this instruction arising from the inexact use of technical language will be disregarded.

3. The testimony objected to was admissible to establish possession by the assignee of the assigned property before the filing of his inventory and bond, and pertinent to the issue whether such possession was the result of an implied agreement or understanding had at the time of the execution of the instrument. In the light of the decisions of the state from which we get our assignment law, we are unable to say that the evidence was insufficient to support the action of the jury in finding such an agreement. Smith vs Patterson, 57 Ark. 537; 22 S. W. 342. The judgment is affirmed.