VAN WINKLE v. THE IOWA IRON AND STEEL FENCE CO. ET AL.

1. **Practice in the Supreme Court**: CORRECTNESS OF ABSTRACT. An appellee can only question the correctness of the appellant's abstract by filing an amended abstract.

2. **Equitable Assignment**: GARNISHMENT. The holders of certain notes and accounts which had been assigned them to be collected, and the proceeds applied on certain specified indebtedness of the assignor, were held not to be subject to garnishment by other creditors of the assignor.

*Appeal from Cedar Rapids Superior Court.*

SATURDAY, JUNE 11.

ON the 2d day of May, 1880, the plaintiff recovered judgment against the Iowa Iron and Steel Fence Company in the sum of $183.77. On the 8th day of May, Gilmore & Clark were served with notice of garnishment, and were cited to ap-

Van Winkle v. The Iowa Iron and Steel Fence Co.

,pear on the second day of the following June Term. A commissioner was appointed by the court to take the answers of the garnishees. On the 6th day of July, 1880, the commissioner filed in court the answers of the garnishees. The plaintiff thereupon filed a motion for judgment on the answers of the garnishees. The hearing on said motion was continued from time to time until the 23d day of October, 1880, when the court entered a judgment for plaintiff for $22.83, and a provisional judgment for $178.47, unless the garnishees elect to turn over the assets in their hands, sufficient to satisfy the judgment. The garnishees appeal.

*Gilmore & Clark*, for appellants.

*Rickel, West & Eastman*, for appellee.

DAY, J.—I. The appellee in argument urges that the transcript of the record shows that no exceptions were taken

1. PRACTICE in the supreme court: correctness of abstract.

to the action of the court in sustaining appellee's motion for judgment upon the answers of garnishees, at the time such action was had, and that no exception was taken until the bill of exceptions was filed, more than three days after the judgment was entered. The abstract sets out what purports to be a correct copy of the judgment entry. In this entry, immediately after the rendition of judgment, is the following statement: "to which garnishee defendants except." This clearly imports that the exception was taken when the judgment was rendered. The plaintiff cannot impeach the abstract by a mere statement in argument. If the abstract was deemed incorrect, an amended abstract should have been filed by appellee.

II. It is insisted that the abstract does not purport to contain all the evidence. The abstract states: " On the 6th day of July, 1880, the said commissioner, N. L. Ward, filed in this case the answer of garnishees, as follows, omitting formal parts." Then follows question and answer, covering, with the exhibit attached, thirteen pages of the printed abstract.

Van Winkle v. The Iowa Iron and Steel Fence Co.

The abstract states that the commissioner "filed the answer of garnishees, as follows." If the answer contained other matter this statement is misleading and untrue. The only reasonable inference from the abstract is that the answer set out contains the entire answer of the garnishee. No issue was taken upon the answer of the garnishee. No other evidence was competent or admissible. The abstract states that the plaintiff filed a motion for judgment upon the answers of the garnishees. We think it does fairly appear that the abstract contains all the evidence upon which the Court acted.

III. The garnishees in their answer deny that they have, or had at the time of their garnishment, any money, property, 2. EQUITABLE rights or credits in their possession, or under their assignment: garnishment. control, belonging to the principal defendant. They set forth in substance that some time in the spring of 1880 the Iowa Iron and Steel Fence Company delivered and assigned to them a large number of notes and accounts, of the nominal value of about $3,000, in trust for certain creditors named, ten or twelve in number, with instructions to collect the notes and apply the money *pro rata*, after deducting a reasonable amount as compensation for collecting; that the nominal amount of the debts was about half the nominal amount of the notes, but that the notes and accounts, when collected as closely as they can be, will pay only a small per centage on the debts; that immediately after the notes and accounts were assigned, the garnishees notified the creditors in whose interest the assignment was made, and no one has dissented or objected; but all have treated it as satisfactory; that garnishees have in their hands a balance collected on said notes and accounts of $98.28, and the principal defendant is owing them, on transactions not growing out of the assignment, $75.45.

Upon this answer we are clearly of opinion that the court erred in rendering judgment against the garnishees. The fund in their hands was held in trust for creditors named. The assignment was not coupled with any condition, and the

assent of the creditors interested is presumed. Besides, they were notified of the arrangement, and treated it as satisfactory. These notes were devoted to the payment of certain of the creditors of the principal defendant. There was nothing illegal or improper in the transaction. It was not competent for the court to defeat the arrangement. Indeed, we understand the appellee to rely solely upon the point that the abstract does not purport to contain all the testimony. In the view which we have taken of the case, the motion of the appellee to strike certain affidavits from the transcript, which was submitted with the case, becomes immaterial, and need not be determined.

REVERSED.