MEYER, STRAUSS, GOODMAN & CO. V. THE FARMERS & TRADERS' BANK *et al.*

**Trust:** ASSIGNMENT TO SECURE TRUSTEE AND OTHERS: DUTY OF TRUSTEE. N. was indebted to the defendant bank, and to plaintiffs, and to C., S. & Co., and he assigned a policy of insurance, on which loss had occurred, to the bank, authorizing it to collect the policy and apply the proceeds, first in payment of his debt to it and expenses of collection, and to hold the balance subject to his order. He afterwards gave C., S. & Co. an order on the bank for what he owed them, which order was accepted, and then gave plaintiffs a like order for their claim, which the bank also accepted, subject, however, to be paid after the bank's claim and that of C., S. & Co. were satisfied. *Held* that the bank owed to plaintiffs no more than ordinary diligence in collecting the policy, and that it was justified in settling an action on the policy for less than half the amount thereof, and less than N.'s debt to it, thereby leaving nothing to pay plaintiff's claim, where the probability was that the action, if prosecuted, would be defeated, and that plaintiffs especially could not complain, since they were informed of the impending settlement, and made no proposition to prosecute the suit.

*Appeal from Decatur District Court.*—HON. R. C. HENRY, Judge.

FILED, MAY 14, 1889.

ACTION in chancery to charge defendant, the Farmers and Traders' Bank, as trustee, and for damages, and an accounting on account of breach of trust duties, and for general relief. The Home Insurance Company is sought to be charged on a policy which had been discharged in the settlement of certain actions thereon. Upon a trial on the merits, plaintiffs' petition was dismissed. They now appeal to this court.

*Phillips & Day*, for appellants.

*Cole, McVey & Clark*, and *Parrish & Hoffman*, for appellees.

BECK, J.—I. The following are the facts of the case, as found by us upon the pleadings and evidence: (1) The Home Insurance Company issued to one Nott a policy of insurance upon a stock of merchandise in the sum of seven thousand dollars. Soon after, the merchandise was totally destroyed by fire. (2) Nott at the time owed the Farmers & Traders' Bank $2,273; the plaintiffs, $3,657; and another firm, Clement, Sayer & Co., five hundred and seventy dollars; and probably others in various sums. (3) Immediately after the fire Nott assigned the policy to the bank, giving it absolute power to collect the amount due thereon, and apply the sum, first, in payment of its claim and expenses of collection, and hold the balance to be paid to Nott, or subject to his order. (4) Nott gave an order upon the bank for five hundred and seventy dollars to Clement, Sayer & Co., to whom he was indebted in that sum, and afterwards gave an order for the amount they owed plaintiffs. These orders were accepted by the bank, the last subject to and to be paid after the claims of the bank and Clement, Sayer & Co. should be paid. (5) Nott commenced a suit on the policy in the district court of Decatur county, which was transferred to the United States circuit court, and the bank afterwards commenced a suit on the policy in the same United States court. Before the suit last named was commenced the plaintiffs notified the bank of the non-payment of the claim, and that they looked to it for protection in regard thereto, and that they would look to it for any loss resulting from its failure to prosecute a suit on the policy, or to otherwise act for the protection of plaintiffs' interest. (6) The plaintiffs contributed to the expense of maintaining the action by the bank against the insurance company, and otherwise assisted therein. (7) Negotiations of compromise were had between the parties, and the bank proposed to plaintiffs that it would settle its suit at fifty cents on the dollar, or that, if the actions against the insurance company should be settled at sixty cents on the dollar, it would consent thereto,

provided it should receive ten cents on the dollar more on its claim than the plaintiffs should receive. (8) The insurance company offered to pay thirty-five hundred dollars, which the bank refused to accept, but afterwards it did accept in settlement twenty-one hundred and forty dollars, being less than the amount of their claim, and dismissed the action against the insurance company. Nott also dismissed his case against the insurance company. The policy of insurance was surrendered to the company.

II.   The plaintiffs in this action seek to recover of both the bank and the insurance company the amount of their claim, on the ground that the settlement and dismissal of the cases were fraudulently made, and, as we understand plaintiffs' claim, upon the further ground, as against the bank, that it held the assignment of the policy from Nott in trust for plaintiffs, and it had no authority as such to make the settlement, which was in fraud of plaintiffs' rights.

III.   We will proceed to the consideration of the questions arising in the case. The assignment of the policy recites that it is made in consideration of Nott's indebtedness to the bank, which is stated, and it authorizes the bank to collect the policy, and, after paying the indebtedness to the bank and costs, and expenses of collection, to pay the balance to Nott or to his order. Nott's order given to plaintiffs is conditioned for the payment of the bank and the sum due Clement, Sayer & Co. This order was accepted, on the condition that, after the payment of Nott's debts to the bank and Clement, Sayer & Co., it should be paid out of any sum remaining in the hands of the bank from funds collected by it from the insurance company upon the policy.

IV.   The character and effect of this acceptance must be briefly considered. It was a conditional acceptance to pay out of a particular fund. It contains no contract with plaintiffs other than this conditional acceptance. The bank does not undertake to discharge any duty to protect plaintiffs' rights, and is therefore

bound only to discharge the duties imposed by law. Neither does it surrender any rights or priority which it holds under the assignment. The bank was bound to exercise reasonable diligence to collect the full amount of the policy. But if in the exercise of prudence, good faith, and a reasonable degree of intelligence and diligence, it failed to collect a sum in excess of the amount due it, and settled the claim for the amount due it, and no more, it would not be liable to plaintiffs. . The assignment was made primarily for the security of the bank, and it was authorized to enforce this security if it did so honestly, and in the exercise of ordinary diligence and intelligence. It could not by fraud or stupidity sacrifice plaintiffs' interests without becoming bound to make good their loss. It matters not whether we call the bank a trustee or the holder of the policy as security, having itself priority therein. Its rights and obligations do not depend upon the name we give it. It cannot be claimed that the bank, under the acceptance, became a trustee, charged with fiduciary relations, imposing upon it an obligation to exercise more than ordinary diligence, care and intelligence. If a trustee at all, it was not deprived of its rights of priority, and its right to enforce the security, to the end that its own claim would be paid without prejudicing the rights of plaintiffs by acts done in the absence of good faith and due care. Counsel for plaintiffs take no position and cite no authority in conflict with these views.

V. We think the evidence shows that defendant, in good faith, and in the exercise of due care, made the settlement and dismissed its case. It is shown that the case against the insurance company was a case that wisdom on the part of the claimants declared should be settled. While the company offered at first a settlement better for the insured than was afterwards made, it was made plain that the company had discovered defenses which would forbid a prudent man to attempt to overcome them, and that the amount realized by the settlement was as much or more than the bank or any other party could have recovered by prosecuting the

suit.   Indeed, the probabilities were that the suit would be defeated.   The plaintiffs were informed that defendant intended to make a settlement.   Plaintiffs made no move or proposition to prosecute the suit.   We are quite clear that the bank is chargeable with neither bad faith nor want of intelligence and care in making the settlement.

VI.   There is an effort to show that Nott was induced by improper influences to withdraw a motion he had made to set aside the settlement in his case. The evidence fails to establish the charge, either as to the bank or the insurance company.   Surely, the insurance company had a right to pay Nott money to withdraw his opposition to the settlement.   But the evidence fails to establish such facts.   Nor does it authorize the conclusion that the bank is chargeable with such act, or any fraud connected with the settlement.   The foregoing discussion disposes of all questions in the case necessary to be determined.   In our opinion, the decree of the district court ought to be

AFFIRMED.