BUCK REINER Co., Appellants, v. CHASE & WORDEN, *et al.*, Appellees.

**Assignment for Benefit of Creditors:** POWERS OF ASSIGNEE: VALIDITY. An assignment of a portion only of a debtor's property, consisting of notes and accounts, for the benefit of his creditors, and providing for a *pro rata* distribution of the proceeds thereof among certain creditors named, but containing no authority to compromise or settle adverse claims, nor providing for notice to creditors, nor any time within which claims should be filed with the assignee, is valid.

*Appeal from Decatur District Court.*—HON. JOHN W. HARVEY, Judge.

WEDNESDAY, MAY 18, 1892.

APPEAL by the plaintiffs from an order discharging the garnishee. The facts appear in the opinion.— *Affirmed.*

*Jas. C. Davis* and *W. J. Roberts*, for appellants.

*Parrish & Hoffman* and *A. A. Cassel*, for appellees.

GIVEN, J.—This case is submitted upon an agreed statement of facts, and involves the validity of the following assignment in writing:

"For value received, we hereby assign to D. M. Chase, as trustee, all our book accounts, as shown by our books, also promissory notes held by us on the following persons, for the several amounts set opposite their names, respectively [here follow the names of payees, dates and amounts of eleven promissory notes]. Said D. M. Chase to collect said notes and accounts, and pay the proceeds thereof to all of the creditors of Chase & Worden, *pro rata*, in proportion to the respective claims which may be filed with him, except that the Bank of Weldon shall be entitled to *pro rata* only for whatever, if any, amount the security heretofore given to them shall fail to pay.

"Signed this eighth day of February, 1890.

"CHASE & WORDEN,
"L. A. WORDEN,
"W. Z. CHASE."

The following is the agreed statement of facts: "*First.* The assignment set out in the answer of the garnishee by copy includes but a part of the property of the assignors, Chase & Worden. *Second.* The garnishee accepted under said assignment, and has collected the amounts shown in his answer under the provisions thereof, and claims to hold them under the same. *Third.* The creditors, a list of whom is attached, have been notified. *Fourth.* The plaintiffs received no formal notice of the said assignment, but had actual knowledge thereof. *Fifth.* A list of creditors who have filed their claims with the assignee is

hereto attached as Exhibit D. *Sixth.* The plaintiff's claim has never been filed with the assignee. The claim of Irwin, Phillips & Co. was filed, but same was withdrawn; and it is agreed that said filing shall not be taken into consideration in the decision of the cause. *Seventh.* It is the purpose and intention of the parties to so submit this case that the question to be passed upon shall be whether or not the assignment in question is on its face a valid assignment."

I. We do not understand the appellants to question the right of debtors to make a partial assignment for the benefit of all or any of their creditors. Such a right is recognized at common law, and there is nothing in our statutes taking away that right. The provision of our statute as to general assignments for the benefit of creditors does not apply to such assignments as this. See *Lampson v. Arnold*, 19 Iowa, 480. The appellants' contentions are that the court may neither add to nor take from this instrument, and that, taken as it is, it is void because by its terms it hinders, delays and prefers creditors. It is contended that the power to collect, given to the garnishee, confers no authority to compromise or settle adverse claims, but simply to receive payment, by reason of which the creditors may be prejudiced by delay or otherwise. Numerous cases cited show that agents or attorneys having only authority to receive payment cannot compromise. In *Meyer v. Farmers' and Traders' Bank*, 77 Iowa, 388, the bank held an assignment of the policy of insurance, on which a loss had occurred, with authority to collect and apply the proceeds in payment of a debt due to it, and then other debts. It was held that the bank had authority to settle the claim on the policy. By this assignment the assignee was more than a mere agent to collect. He was a trustee, and, if necessary to the execution of the trust for the benefit of the creditors, could apply to the court for authority

to compromise claims, or to do any other act that was necessary to a prompt execution of the trust.

A further contention is that the provision in the assignment to pay the creditors *pro rata*, in proportion to their respective claims which may be filed with him, without any provision for notice or time within which claims should be filed, renders the instrument void. No notice being provided, or time fixed, the trustee would be held to reasonable notice, and to make distribution within a reasonable time, and upon application of creditors the court would not only compel distribution within a reasonable time, but would order it withheld until a reasonable time for presenting claims had elapsed. The case of *Van Winkle v. Fence Co.*, 56 Iowa, 245, is quite similar in its facts to this case, and directly in point. In that the defendant had assigned and delivered to the garnishee notes and accounts of the nominal value of three thousand dollars, in trust for certain creditors named, with instructions to collect the notes, and apply the money *pro rata* after deducting a reasonable amount as compensation for collecting. It is said: "These notes were devoted to the payment of certain creditors of the principal defendant. There was nothing illegal or improper in the transaction. It was not competent for the court to defeat the arrangement. To the complaint that this assignment does not provide for notice to the creditors, nor fix a time within which collection and distribution must be made, we refer to *Meeker v. Sanders*, 6 Iowa, 67, where in speaking of an assignment the court used the following language: "Where the intention of the grantor can be ascertained with reasonable certainty the want of minute accuracy of language, and the disregard of the usual forms, should not render the instrument void. Nor is the fact that the deed contains no schedule of the debts intended to be secured, that no inventory is given of the property conveyed, that the rights of the credi-

tors are not distinctly defined, and that no specific directions are given to the trustee as to the time within which the property is to be converted into money,—all these things, though they in some sense constitute an objection to the deed, are not sufficient to justify us in holding it, on that account, void."

Our conclusion is that the judgment of the district court should be AFFIRMED.