G. S. TURRILL v. JOHN McCARTHY, F. R. McCARTHY, Appellants, HENRY HAAG, Assignee, Defendant.

**Exemptions:** POSTOFFICE FIXTURES. Under a deed assigning all a debtor's property except such as is "exempt from execution," 3 the furniture and equipments belonging to and used by the assignor in his capacity as third-class postmaster are not reserved, since these are not exempt, but are protected only, in so far as execution thereon would prevent delivery of the mails.

**General Assignment:** RESERVATIONS: *Construction of deed.* Under Code, section 2117, providing that the inventory on assignment 1 for the benefit of creditors is not conclusive, but that the as-2 signment includes "any other property belonging to the debtor at the time," the fact that a schedule attached to such a deed, purporting to convey all property except such as was exempt, did not describe property in dispute between the assignee and a purchaser from the assignor, is immaterial, and does not show the assignor's intention to reserve it.

**Purchaser's Note:** DISPOSITION OF PROCEEDS: *When payor may not complain of.* Where a purchaser of personal property prayed 4 to be adjudged the owner thereof, or that his note for the purchase price should be canceled, he could not complain of the

disposition of the proceeds of his note in a decree adjudging him to be the owner of such property.

FIXING SHARES IN PROCEEDS: *Pleading.* A decree in a suit to adjudge plaintiff to be the owner of personal property set out the share of one of the defendants in the note given for the purchase price, by reason of his ownership of part of the goods. *Held,* proper to fix such defendant's share, though he sought' no judgment on the note.

*Appeal from Greene District Court.*—HON. Z. A. CHURCH, Judge.

WEDNESDAY, OCTOBER 16, 1901.

F. R. McCARTHY was the postmaster at Jefferson, in this state, and the owner of certain furniture and fixtures used in connection with his office. Plaintiff is his successor, duly appointed, but at the time of the transactions in question had not assumed the duties of the position. McCarthy made a general assignment for the benefit of his creditors to the defendant Haag. The terms of this instrument, in so far as they are significant, will be given later. Thereafter McCarthy sold the office fixtures and furniture to plaintiff for the sum of $775. This consideration was represented by plaintiff's promissory note, indorsed by one Lovejoy, who is a defendant herein, and which was payable to John McCarthy. Some time thereafter, the assignee making claim to the property so sold, plaintiff instituted this action in equity, praying that he might be adjudged the owner of said property, or in default thereof that his note so given should be ordered delivered up and canceled. Still later plaintiff, by amendment, averred that the purchase by him of said property had been induced by fraud, and he prayed that it might be set aside and his note canceled. Haag, assignee, by cross bill sets up title to the property. John McCarthy makes claim to the individual ownership of certain of the property, and avers that he permitted its sale to plaintiff on condition that he (McCarthy) was to receive the consideration therefor. F.

R. McCarthy puts in issue the right of the assignee to any of such property. There were certain other rights asserted before the trial court, but they are not represented in this appeal, and need not be further noticed. The decree of the trial court was, in its material parts, as follows: "That at the time of said sale said mailing rack and table combined, door guard rack, and outside door letter box were owned by the defendant John McCarthy, and were of the aggregate value of $95. The court further finds that said sale of said property to the plaintiff was made at a reasonable price; that said sale was made without fraud, and that said sale of said property so owned by said Haag ought to be, and the same is hereby ordered to be treated and is to stand as though made by the defendant Henry Haag, as such assignee, to the plaintiff; that said assignee ought to receive $680 of the amount for which said property was sold, with interest thereon as provided by said note; and that said John McCarthy ought to receive $95 thereof, with interest as aforesaid. It is therefore ordered and adjudged by the court that the said Henry Haag, as such assignee, be, and he is hereby, decreed to be the owner of $680 of the indebtedness represented by said note, and interest thereon as in said note provided, and of the share of said note represented by said amount and interest as aforesaid. And it is further ordered and adjudged by the court that the said John McCarthy be, and he is hereby, decreed to be the owner of $95 of the indebtedness represented by said note, and interest thereon as in said note provided, and of the share of said note represented by said amount and interest as aforesaid. And the said G. S. Turrill and V. H. Lovejoy are hereby ordered to pay the amounts as above stated now due on said note to the said Henry Haag, as such assignee, and the said John McCarthy, respectively. And the said Henry Haag, as such assignee, and the said John McCarthy, upon the payment of said amount and interest in full, or whoever of them shall have said

note in possession, are ordered to surrender and deliver up
the possession thereof to the said G. S. Turrill. And the
said John McCarthy is ordered to deliver the possession of
said note to the said Henry Haag when necessary for him
to collect the amount due him thereon as such assignee; that
is, either of them shall have the possession of said note for
the purpose of collecting the amount due him thereon.
* * * And it is further ordered, adjudged and decreed
by the court that, in case of a failure of the said G. S. Tur-
rill and V. H. Lovejoy to pay the amount due the respective
parties on said note as aforesaid in full, said note shall be
returned into court, and judgment rendered against them
on said note in favor of said parties, respectively, for the
amount due each of them thereon as aforesaid." The Mc-
Carthys and plaintiff appeal. The former will be designated
the appellants, as they first perfected proceedings.—*Affirmed.*

*Rose & Henderson* for appellants John McCarthy and
F. R. McCarthy.

*Cardell & Giddings* for appellant G. S. Turrill.

*E. B. Wilson* and *Russell & Tolliver* for appellee Haag.

WATERMAN, J.—The deed of assignment to Haag pur-
ported, in terms, to be made under the provisions of chapter
7, title 14, of the Code of 1873, which relates to general
assignments for the benefit of creditors. In the body
of the instrument it is recited that conveyance is
made of all property of every kind, "except such as
is by law exempt from execution." Then follow the usual
provisions of a deed of general assignment with relation to
distribution of the proceeds to creditors. The instrument
also contains this language: "Annexed hereto, marked 'Ex-
hibit A,' and made a part hereof, is an inventory of all such
property and estate. * * *" Such a schedule was at-
tached, but the property in question is not described or men-
tioned in it.

Two claims are made by appellants with relation to the deed of assignment: First, that it was intended only as a partial assignment, and not meant to convey the property in dispute; second, that, as F. R. McCarthy was a married man and the head of a family, such property was exempt from execution, and was reserved to the debtor by the terms of the conveyance.

A debtor may make a partial assignment of his property for the benefit of some or all of his creditors. *Buck-Reiner Co. v. Chase,* 85 Iowa, 296. But this instrument in terms purports to be a general assignment of all the debtor's property for the benefit of all his creditors. The fact that the schedule did not describe this property is unimportant, for the statute expressly states that such inventory is not conclusive, but "the assignment shall vest in the assignee title to any other property belonging to the debtor at the time of making the assignment." Section 2117, Code 1873. See, also, *Le Moyne v. Braden,* 87 Iowa, 739. We do not think the reference to the schedule was intended to limit the property conveyed to what is therein described. This construction would make it contradict the previous and plain terms of the deed. Rather, we take it, the schedule purports to enumerate all the debtor's property, and fails to do so. There was evidence given of some talk about this property between the assignor and his attorney at the time the deed of assignment was made. But this was only as to whether it was exempt. Taking the debtor's version of what was said, and there is nothing to show that he intended to retain this property if it was not exempt from execution; and, if it was so exempt, it was saved to him by the reservation in the instrument.

II. We come next to the claim of exemption. This claim is not made under the statute, but is founded on the fact that the property was used in the service of the postal department of the general government; it being plaintiff's duty, as a postmaster of the third class, to furnish such equipment at his own expense. Being

thus used, it is said such property could not be taken on execution without interfering with the mails, and thus committing an offense against the laws of the United States. It will be readily seen that the fact that the debtor was the head of a family is a matter of no significance. If the plea of exemption is good on the ground stated, it would be equally available to an unmarried man. This court has held that property which cannot be levied upon is not subject to a judgment lien, though the provision forbidding levy is found outside the regular exemption statute. *City of Davenport v. Peoria Marine & Fire Ins. Co.,* 17 Iowa, 281; *Loring v. Small,* 50 Iowa, 271. But these cases are not in point, for by no statute of this state is property such as that in dispute made exempt from seizure on legal process. Neither does the federal statute exempt it further than to say, at most, that in taking it the business of the postal department shall not be interfered with. The question before us, however, is not how an execution can be levied on this property, but what was the meaning of the reservation by the debtor in the deed of assignment? He had a right to sell this property. Did he do so, to the assignee? is the query to answer. The phrase "exempt from execution" we construe as covering property given by law to the debtor individually through motives of public policy, and not property which is merely protected while in his official custody. Property exempt from execution is such as the law means to give a debtor as against his creditors. It is something which he is protected in holding for his own benefit, and not merely for the advantage of the business in which he is engaged. We know of nothing in the official character of a postmaster which entitles him, as against creditors to hold more than would be awarded him in his private, personal capacity. Let us suppose that in a federal court the government of the United States had secured a money judgment against this postmaster; could it not have had execution against this property? If it could, there was no exemption. In our opinion, while this prop-

erty was perhaps incidentally protected, it was not exempted. It was protected, it at all, only against a purchaser or creditor, we think, who by taking possession would disturb or hinder the business of the office; but it surely would not follow that the owner could not sell, or that he was limited in his choice of a purchaser to his successor in office.

III. As we have already said, plaintiff, by amendment to his petition, asked that the sale to him be rescinded for fraud practiced by the seller. On this issue the trial court held against him, and, we think, was justified in so doing by the testimony.

IV. Plaintiff also finds fault with the judgment in several respects: First, it is said that the assignee was entitled to the property, and not to a share of the note. Haag might have a standing to complain of this, but he does not appeal. Again, it is said John McCarthy does not show himself entitled to any part of the proceeds of the property. On this point, also, we quite agree with the finding of the trial court. At all events, we think, as plaintiff has been awarded the property for what he agreed to pay, he is not justified in complaining of the disposition made of the price. Lastly, it is said John McCarthy asked no judgment on his note, and the court was not warranted in giving him one. A reference to the judgment entry which is above set out will show that no judgment was entered on this note. The respective shares thereof of the assignee and John McCarthy were fixed, and the maker of the note ordered to pay the same. Then follows a provision that, if the maker of the note fail in such payments, the note shall be returned into court, and judgment rendered thereon. The validity of this last provision we have no occasion now to determine. Certainly under the issues it was proper to fix the shares of such parties.—AFFIRMED.