STATE NATIONAL BANK *v.* WHEELER-MOTTER MERCANTILE COMPANY.

Opinion delivered June 24, 1912.

1. GARNISHMENT—TRUST FUNDS.—Where one holds funds of a debtor as trustee to be paid *pro rata* to all of his creditors, such funds can not be taken by a garnishment at the instance of one of the creditors; but any funds left in the trustee's hands after execution of the trust by paying to the creditors who accepted it their *pro rata* of the funds are subject to garnishment.   (Page 223.)

2. SAME—WHO MAY BE GARNISHED.—Where the officers of a bank knew that funds paid to its vice president and deposited by him in such bank belonged to an insolvent debtor, the bank will be answerable in garnishment proceedings for an unexpended balance thereof as money of the debtor.   (Page 225.)

Appeal from Little River Circuit Court; *Jeptha H. Evans,* Judge, on exchange; reversed.

*A. D. DuLaney* and *William H. Arnold,* for appellant.

1. The money was not subject to garnishment. 42 Ark. 62.

2. The bank had no knowledge of the transaction between Kuhl and Rimes. 36 L. R. A. 658; 17 *Id.* 326; 46 *Id.* 732; 10 *Id.* 705; 29 *Id.* 558; 114 Mo. 519; 21 S. W. 825.

*John H. Mozier* and *Rush Greenlee,* for appellee.

1. The money was owned by Rimes and was subject to garnishment. 2 Shinn on Attachment and Garnishment, § 580; 20 Cyc. 1022; 4 Cush. (Mass.) 343; 100 Mass. 239; 80 Mo. 251; 98 N. Y. 87; 28 Kan. 415; 61 N. W. 1084; 11 Mass. 506; 10 Minn. 396; 14 R. I. 42; 43 Am. St. Rep. 849.

2. The bank had knowledge of the transaction between Kuhl and Rimes. Zane on Banks and Banking, 214; 18 Kan. 481.

McCULLOCH, C. J.  D. A. Rimes was a merchant at Winthrop, Arkansas, and became insolvent, appellant, a bank-

ing corporation of Texarkana, Arkansas, and appellee, a mercantile corporation of St. Joseph, Missouri, being among his largest creditors. He sold his stock of goods in bulk for the sum of $1,010, and turned it over to B. H. Kuhl for the purpose of distributing the same *pro rata* among all his creditors, the transaction being verbal and not evidenced by any written assignment. Kuhl was vice-president of appellant bank, and deposited the money in that bank, the same being placed to his credit on the books of the bank. The amount was sufficient to pay twenty-five per cent. of the Rimes indebtedness. Most of the creditors agreed to accept the *pro rata* of twenty-five per cent., to be paid out of said fund, rather than to resort to bankruptcy proceedings, but appellee, whose debt amounted to the sum of $385.87, declined to accept the sum offered, and instituted, in the circuit court of Little River County, an action against Rimes to recover the amount of his account, and sued out a writ of garnishment against appellant, commanding it to answer what goods, chattels, moneys, etc., it had in hand belonging to Rimes, the debtor. Appellant answered, denying that it held any money, or other property, belonging to Rimes. An issue was made on the truth of that answer, and in a trial before a jury the court peremptorily instructed a verdict against appellant, as such garnishee, for the full amount of appellee's account against Rimes.

It appears from the testimony adduced that at the time of the service of the garnishment most of the creditors of Rimes had signified their acceptance of the proposed *pro rata* of the sum placed in the hands of Kuhl, but the same had not been paid over to them, and was paid at some time subsequent to the service of the writ, and the balance was paid back to Rimes. The amount of the balance so paid back is not disclosed in the testimony; but, as appellee is the only creditor shown to have declined to accept the proposed sum, it is inferable that twenty-five per cent. of its debt was the amount returned to Rimes.

Appellee insists that, though the money was placed with Kuhl and by him deposited in the bank in his own name, he received it as an officer of the bank, and that the latter was the real custodian of Rimes. They invoke the rule announced by the authorities that when money is deposited

by an agent for another in his own name, it can not be taken under garnishment for his debt, but is subject to garnishment for a debt of the principal. 2 Shinn on Attachment and Garnishment, § 580; 20 Cyc. 1022. But, even if the bank, and not Kuhl, be treated as the custodian of the fund for Rimes, it was not merely an agent for the latter. It was more than that. It was trustee for Rimes and his creditors, for whose benefit it was held. The bank being the trustee for the benefit of all the creditors of Rimes, the funds could not be taken by a garnishment at the instance of one of the creditors. The authorities seem to be agreed that a trustee can not be made a garnishee at the instance of a creditor of the *cestui que trust.* 20 Cyc. 993.

"The right of action at law must exist between the principal debtor and the person contemplated as a garnishee before garnishment can be made efficient. Therefore, a trustee can not, during the pendency of the trust, be held as a garnishee in an action to collect a debt which the *cestui que trust* owes. The creditor has no better claim to the fund or property than the beneficiary has; and when the latter has no right to maintain an action for it or any part of it, garnishment against the trustee will be unavailing." 2 Shinn on Attachment and Garnishment, § 531.

In the absence of a statute, funds or other property held under a void assignment for the benefit of creditors is subject to garnishment at the action of any creditor or of the assignor; but that rule is changed in this State by a statute, which provides that if, for any cause, an assignment shall be declared void, "the same shall then be considered and treated as a general assignment of all his property, not exempt from execution, for the benefit of all his creditors *pro rata*, and said property shall be disposed of and distributed for their benefit under the orders and directions of the chancery court. Kirby's Digest, § 339. For an interpretation of that statute, see *Tapp* v. *Williams*, 83 Ark. 182, where the court said:

"The assignment of the debtor's assets for the benefit of all the creditors must, under the statute, go to all the creditors *pro rata*. No one of them has the right by garnishment to subject the trust fund to the payment of all his debt to the exclusion of the debts of the others."

Our conclusion finds support in the case of *Van Winkle* v. *Iowa Iron & Steel Fence Co.,* 56 Ia. 245. That case is precisely in point. The answer of the garnishee disclosed the fact that the principal debtor had delivered to the garnishee a number of notes and accounts, with instructions to collect the same and apply the money *pro rata* to the payment of certain creditors, and the suit involved an effort to reach the fund by garnishment. The court, in disposing of the matter, said:

"Upon this answer we are clearly of opinion that the court erred in rendering judgment against the garnishees. The fund in their hands was held in trust for creditors named. The assignment was not coupled with any condition, and the assent of the creditors interested is presumed. Besides, they were notified of the arrangement, and treated it as satisfactory. These notes were devoted to the payment of certain of the creditors of the principal defendant. There was nothing illegal or improper in the transaction. It was not competent for the court to defeat the arrangement."

So, in the present case the fund could not be reached by garnishment. Placing the funds in the hands of the trustee was an act of bankruptcy, which afforded grounds for the creditors to invoke the aid of the bankruptcy court, but, having failed to resort to that remedy, it could not reach by garnishment the fund which was thus held in trust. This rule does not, however, apply to any balance left in the hands of the trustee after the execution of the trust, and as to that it is subject to garnishment at the instance of the creditor of the person to whom it is to be paid over. *McLaughlin* v. *Swann,* 18 Howard (U. S.) 217; 2 Shinn on Attachment and Garnishment, § 531.

Appellant, after having paid over to all the creditors who accepted it their *pro rata* of the fund, should have held the balance under the garnishment, instead of paying it over to Rimes, the principal debtor. It is now liable in this proceeding for the balance which it had on hand after paying the *pro rata* shares to the creditors who accepted, for it then became an undistributed balance due Rimes, and any of his creditors are entitled to take it under a writ of garnishment. If the officers of the bank knew that the fund belonged to Rimes,

then it was immaterial whether it was paid over to Kuhl in his individual capacity as trustee or as an officer of the bank, for in either of those events the bank held the unexpended balance as money of Rimes, and was answerable for it under the writ of garnishment.

The court erred in its peremptory instruction to the jury to render a verdict for the full amount of apepllee's debt. Therefore, the judgment is reversed, and the cause remanded for a new trial.