GREENING *v.* PLANTERS' BANK & TRUST COMPANY.

Opinion delivered February 21, 1921.

GARNISHMENT—TRUST FUNDS.—Funds advanced to a trustee by the government to be applied to the operating expenses of a railroad, which the government had undertaken to guaranty, are not subject to garnishment by the railroad's judgment-creditor, under the rule that a trustee can not, during the pendency of the trust, be held as a garnishee in an action to collect a debt which the *cestui que trust* owes.

Appeal from Howard Circuit Court; *J. S. Steel,* Judge; affirmed.

*Jas. H. McCollum,* for appellant.

Appellant had the right to subject the earnings of the railroad company in the hands of the bank to the garnishment. The money earned by the railroad company, after its property was returned by the government, belonged to the company, and the Director General had no

authority over it. The following case supports the contention of the appellant: 140 Ark. 572. The money belonged to the railroad company and was subject to garnishment.

*J. G. Sain,* for appellee.

The finding of the lower court to the effect that the garnishee had no funds in its hands at the time and after the garnishment was served was a question of fact, and there is nothing here for this court to review.

McCULLOCH, C. J.  Prior to March 1, 1920, the date on which the Government of the United States returned the railroads to their respective owners, appellant obtained judgment in the circuit court of Howard County in the sum of $1,241.55 against the Memphis, Dallas & Gulf Railroad Company for damages on account of the negligent loss of cotton delivered to said company for transportation; and on July 20, 1920, appellant sued out a writ of garnishment against appellee, Planters' Bank & Trust Company, a corporation doing a banking business at Nashville, Arkansas.  Appellee filed its reply, denying that it was indebted to the principal defendants in any sum, or that it had in its hands any funds or other property belonging to said defendant.  Appellant filed a reply to this answer, raising an issue as to whether or not appellee had funds in its possession belonging to said defendant.  There was a trial of the issue before the court, which resulted in a judgment in favor of appellee, as garnishee.

The material facts are undisputed.  When the Government returned to the defendant, Memphis, Dallas & Gulf Railroad Company, its property which had theretofore been operated under government control, the Director General of Railroads caused to be delivered to Geo. H. Bell, as trustee, the sum of $12,467.87, which had accrued from the earnings of such operations while under government control.  This fund, as well as the funds which subsequently came to the hands of the trustee, was held by him under directions given in a general order

issued by the Director General of Railroads upon the return of railroad property to their owners. Pursuant to the statutes of the United States extending to the railroad corporations the government's guaranty for a period of six months for reimbursement of expenses of operation, the government, acting through the Director General of Railroads, advanced to some, if not all, of the railroads sufficient funds to use in operating expenses, with directions that the same should be deposited in the name of the trustee named by the Director General and used exclusively in operating expenses of the railroad. Under this arrangement the government advanced to the Memphis, Dallas & Gulf Railroad Company the sum of $90,000, which was paid over to Bell, as trustee and deposited by Bell in appellee bank in his name as such trustee. The revenues of the railroad were also paid to Bell as trustee from time to time and were, under the instructions of the Director General, deposited in his name.

This fund received by the trustee from the earnings of the defendant company was also paid out with the other funds on the operating expenses of the railroad. According to the undisputed testimony, the earnings of the railroad company, after restoration to the owner, were less than the operating exepnses paid out of the funds in the hands of the trustee, and on the date of the garnishment the trustee had in his hands and on deposit with appellee bank forty thousand nine hundred sixty-eight dollars and fifty-six cents.

Bell was the treasurer of defendant company and also cashier of appellee bank, but the funds were, as before stated, paid over to him as trustee and were deposited by him in that capacity with appellee bank.

The question presented in this case is whether or not the funds in the hands of appellee deposited to the credit of Bell as trustee were subject to garnishment. This question is not difficult of solution. It is an elemental principle of the law that "a trustee can not, during the pendency of the trust, be held as a garnishee in an action

to collect a debt which the *cestui que trust* owes. The creditor has no better claim to the fund or property than the beneficiary had; and when the latter has no right to maintain an action for it or any part of it, garnishment against the trustee will be unavailing." 2 Shinn on Attachment and Garnishment, § 531; *State Nat. Bank* v. *Wheeler-Motter Merc. Co.,* 104 Ark. 222.

The funds advanced by the government to be expended in the operation of the railroads did not become the property of the railroad company, except to the extent permitted by the government authorities, and the funds were held in trust by the trustee for the use to which the funds were dedicated. The authority for the use of the funds expressly excluded the application thereof to anything except the current operating expenses which the government had undertaken to guaranty. Neither the railroad company nor its creditors could compel the appropriation of that fund to any other use. But it is contended that appellant was at least entitled to relief by garnishment process out of the funds on deposit which were derived from the earnings of the company in its operation of the railroad after the return to the owner from government control. These earnings, it appears from the testimony, were paid to Bell as trustee and mingled with the other funds which he had received from the government. It is unnecessary to decide whether or not the assumption by the Director General of Railroads of authority to direct and control the use of the funds received from the operation of the road after the return of it to the owners was wrongful. It does not appear from the proof that there were funds on deposit in the appellee bank which had been derived from the earnings of the company. On the contrary, the undisputed testimony establishes the fact that the earnings from the operation of the road were far less than the operating expenses, and that the funds were exhausted before they went into the hands of Bell, as trustee. Therefore, there were never any funds on hand from that source to be reached by garnishment if they were, under the circumstances, subject to that process.

The circuit court was therefore correct in rendering judgment in favor of the garnishee.

Affirmed.